*511
 
 Mr. Justice SW AYNE.
 

 This is a suit in equity brought here by appeal from the District Court of the United States for the District of Wisconsin. The bill states as follows:
 

 The complainant is the owner of a large amount of real estate in the City of Sheboygan, which is described in the bill.
 

 On the 17th of January, 1854, the Legislature passed an act entitled
 
 “
 
 an Act to authorize the City of Sheboygan to aid in the construction of a railroad.” This Act authorized the Commissioners named in it to borrow $100,000 upon the credit of the City to be invested in the capital stock of a Railroad Company, authorized to construct a railroad from the City of Sheboygan . westwardly by way of Eon du-lac to the Mississippi River, and to issue therefor the bonds of the City according to the provisions of the act.
 

 The act further provided that the City should annually levy a tax upon all the taxable property of the City sufficient, in addition to the dividends upon the shares of its stock in the Com pany, to pay the interest upon the bonds.
 

 The act also authorized the City Council to submit to the qualified voters of the City the question whether the further sum of $100,000 should be raised and invested in the same manner as the first $100,000. ...
 

 By an act of the Legislature- of the 28th of March, 1856, entitled, “ An Act to authorize the City of Sheboygan to aid in the construction of the Sheboygan and Mississippi Railroad,” the City Council was authorized to subscribe $50,000 to the capital stock of the Company, and to increase the amount Of' subscription from time to time until the aggregate should reach the sum of $100,000. The instalments upon the stock subscribed were to be paid by the levy of an annual tax upon all the real estate in the City — not exceeding $25,000 in any one year— until the whole amount of the subscriptions should be paid.
 

 Under .these Acts the City has made loans and issued its bonds therefor to the amount of $200,000.
 

 The Legislature passed a subsequent Act, which is as follows:
 

 “
 
 Section 1. All taxes hereafter levied by the Common Council of the City of Sheboygan for the (payment) of principal or
 
 *512
 
 interest of any bonds issued or to be issued by said City to aid in tbe construction of any railroad, plank road, or for any improvement of tbe' harbor at the mouth of the Sheboygan River, shall be levied by said Council on the real estate of said City exclusively.
 

 “Sec. 2. All acts or parts of acts that conflict with the provisions of this act are hereby repealed.
 

 “ Sec. 3. This act shall take effect and be in force from and after its passage.
 

 “ Approved March 7, 1857.”
 

 In the .year 1857, the City Council under the last named act,, levied a tax upon all the real estate within the limits of the City of six cents upon each dollar of the valuation thereof “ for its harbor loans, railroad and plank road bonds,” “ and did not levy said sum or any part thereof upon any other kind of property within said City of Sheboygan for the said harbor loans, railroad and plank road bonds, but levied the tax for the payment of the interest upon those specific objects entirely and solely out of the real estate within said City limits ; and that the real estate above stated and set forth in this complaint was included in and was taxed at the rate aforesaid, and for the purpose aforesaid.”
 

 At the time this tax was levied, there was personal property in the city of Sheboygan to the amount of three or four hundred thousand dollars, liable to taxation, and upon which no tax was levied for either of said purposes for the year 1857. The Act of March 7th, 1857, and the tax levied under it, are alleged to be void. Defendant, Geele, is the Treasurer of said City, and as such authorized to execute deeds for land sold for taxes when the time for redemption expires. The defendants’ property in the City has been sold for said tax and bought in by the City. Geele threatens to execute deeds to the City for the same. The time for redemption is about to expire-
 

 The deeds, it is alleged, will cast a cloud upon complainant’s title, embarrass him in disposing of tbe property, and render it less valuable to him. The "prayer of the bill is, that the Treasurer be perpetually enjoined from executing, and the City from receiving, such deeds, and for general relief. The complainant
 
 *513
 
 subsequently filed an amended bill, in wbicb it was claimed that tbe Act of 1857, and tbe tax levied under it, were void, because tbe Act of 1854 provided that a tax should be levied upon
 
 all
 
 tbe taxable property of tbe City for tbe payment of said bonds, that tbe bonds were issued and taken upon tbe faith of that act and that its provisions constitute a contract with tbe bond holders, wbicb the Act of 1857 seeks to violate.
 

 Tbe defendants demurred, and tbe Court sustained tbe de murrer.
 

 Was there such a contract as is averred in tbe amended bill ?
 

 The Act of 1854 authorized. tbe borrowing of money, tbe issuing of bonds, and the levying of a tax upon all tbe property in tbe City, for tbe purposes specified. Tbe imposition, modifi cation, and removal of taxes, and tbe exemption of property from such burdens, is an ordinary exercise of tbe power of State sovereignty. There is no pledge, express or implied, that this power should not thereafter be exercised.
 

 Admitting that tbe State
 
 could
 
 enter into such an engagement, there is no evidence that it
 
 did.
 
 This fact should never be assumed unless tbe language used be too clear to admit of doubt. If tbe agreement existed, tbe complainant is not in a position to make tbe question. There is no allegation that tbe tax levied is insufficient. We bear of no complaint from tbe bondholders. They are not before us. It does not belong to the complainant, vicariously, to enforce their contract and protect their rights.
 

 Tbe objection, that these acts take private property for public purposes .without compensation, and hence are within tbe prohibition of tbe State constitution upon that subject, is-also without foundation. That clause of tbe Constitution refers solely to tbe exercise, by the State, of tbe right of eminent domain.
 
 The People
 
 vs.
 
 The Mayor of Brooklyn,
 
 (4 Coms., 419).
 

 Is tbe Act of 1857 invalid, because it requires tbe tax in question to be levied exclusively upon tbe real estate of tbe city ?
 

 Tbe provisions of tbe State Constitution, to wiiieb our attention has been called, as bearing upon the subject, are tbe following:
 

 
 *514
 
 Art. VIII. “ Sec. 1. — The rule of taxation shall be uniform, and taxes shall he levied upon such property as the Legislature shall prescribe.”
 

 Art. XI. “ Sec. 3. — It shall be the duty of the Legislature, and they are hereby required, to provide for the organization of cities and incorporated villages, and to restrict their power of taxation, assessment, borrowing money, contracting debts, and loaning their credit¡ so as to prevent abuses in assessments and taxation, and in contracting debts, -by such municipal corpo rations.”
 

 The Revised Statutes of Wisconsin, title 5, chap. 18, page 200, provide as follows:
 

 " Sec. 1. All property, real and personal, within this State, not expressly exempted therefrom, shall be subject to taxation in the manner provided by law.”
 

 “Sec. 4. The following property shall be exempt from taxation:
 

 “All property, real and personal, of the United States and of this State. All public or corporate property of the several counties, cities, villages, towns and school districts in this State.” * * *
 

 “All property exempt by law from, execution, not exceeding in value $200.
 

 “ The personal property of all literary, benevolent, charitable and scientific institutions within this State, and such real estate as shall be actually occupied by them for the purposes for which they have been or shall be organized.”
 

 “ All houses of public worship, and the lots on which they are situate,” &c.
 

 “All public libraries, and the real and personal property belonging to or connected with the same.
 

 . " The property of all Indians, who are not citizens, except the lands held by them by purchase.
 

 “The personal property of persons, who, by reason of m firmity, age and poverty, may, in the opinion of the assessors, be unable to contribute towards the public charges.
 

 
 *515
 
 " All property, real and personal, belonging to any agricultura] society in this State.” * * *
 

 No other property is exempted.
 

 In
 
 Weeks
 
 vs.
 
 The City of Milwaukie, et al.,
 
 (10 Wis. Rep., 242, Mr. Justice Payne, referring to “the provision of Article II., Sec. 8, requiring the Legislature, in establishing municipal corporations, 'to restrict their powers of taxation so as to prevent abuses, &c.,” says,
 
 “
 
 Restrictions may be and undoubtedly are necessary to prevent abuses which may not- amount to a violation of the rule of uniformity. There may be
 
 uniform abuse
 
 of the taxing power by reckless and improvident management on the part of these local authorities, and I think the provision last mentioned was designed to give further protection — in addition to that furnished by the rule of uniformity.”
 

 Such was the unanimous judgment of the Court. Concurring in that opinion, we lay this section of the Constitution out of view.
 

 In
 
 Knowlton
 
 vs.
 
 The Supervisors of Rock County,
 
 (9 Wis. Rep., 410,) the section requiring uniformity of taxation underwent an able and exhaustive examination. The Court affirmed the following propositions:
 

 " The levying of taxes by the authorities of a county, city, or town, for their support is as much an exercise of the taxing power as when levied directly by the State for its support. The State acts by the municipal governments, and their acts in levying taxes are as much the act of the State as if the State acted by its own officers.
 

 " The Constitution of the State requires, as a rule in levying taxes, that the valuation must be uniform and in all cases alike or equal, operating alike upon all the taxable property throughout the territorial limits of the State or municipality within which the tax is to be raised. And where the Legislature prescribed a different rule, the act is a departure from the. constitu tion and therefore void.
 

 " The Constitution has fixed one unbending uniform rule of taxation for the State, and property cannot be classified and taxed as classed by different rules.
 

 
 *516
 

 “
 
 The. provision of the Constitution, that taxes shall be levied . upon such property as the Legislature shall prescribe, does not sanction ‘ a discrimination which provides for taxing a particular kind of property for the support of Government by a different rule from" that by which other property is taxed; for when the kind of property is prescribed the rule of taxation must be uniform. All kinds of property must b¿ taxed uniformly, or be absolutely exempt.”
 

 In this case, under the provisions of the charter of the City of Janesville, lands within the City limits laid out into City lots, and other lands not' so laid out, had been taxed at different rates, and the property of the plaintiff had been sold for the nonpayment of the taxes. The Court held the tax void, and enjoined the treasurer from executing deeds to the tax purchasers.
 

 In the case of
 
 Weeks
 
 vs.
 
 The City of Milwaukie et al.,
 
 (10 Wis. Rep., 242,) the preceding case was considered and approved by the Court. The proposition that the constitutional provision requiring the
 
 “
 
 rule of taxation to be uniform” extends to municipal corporations, and that the constitutional provision requiring the Legislature to restrict their powers of taxation was only intended to furnish a further protection, were expressly and' unanimously re-affirmed. They held further, that where the assessors of the City of Milwaukie, in obedience to an ordinance of that City, omitted to assess property to- the value of $150,000, which ought to have been assessed, and that property was thereby exempted from taxation, the omission was fatal to the entire tax,' and that the complainant’s taxes being increased by the omission he was entitled to an injunction to restrain the sale of his lands for such illegal taxes.
 

 In
 
 Sanderson
 
 vs.
 
 Cross,
 
 (10 Wis. Rep., 282), the doctines of
 
 Knowlton
 
 vs.
 
 The Supervisors of Rock County,
 
 were again unanimously approved.
 

 In their opinion the Court adopt the following language, from the
 
 City of Zanesville
 
 vs.
 
 Richards,
 
 (5 Ohio State Rep., 589) “ The General Assembly is no longer invested with the discretion to apportion the tax, and to determine upon,what property and in what 'proportion the burden shall be laid. A uniform rate
 
 *517
 
 per cent, must be levied upon all property subject to taxation according to its true valuation money, so that all may bear an equal burden.”
 

 The Ohio case was decided under provisions in the Constitution of that State similar to those in the Constitution of Wisconsin, to which we have referred.
 

 ' In the
 
 Attorney-General
 
 vs. The
 
 Winnebago Lake and Fox River Plank Road
 
 Company, (11 Wis. Rep. 42), the Court say: “It cannot be denied that under the power of exemption unjust enactments in respect of the power of taxation might be made. But those who framed the Constitution did not see fit to prevent such evils by depriving the Legislature of the power. But they did provide that whatever property was. made taxable
 
 at 'all
 
 should be taxed by a uniform rule, which was designed to secure equality in the burdens as between the different kinds of taxable property, but of course not as between property taxable and that not taxable.”
 

 The Court refer with approbation to the
 
 Exchange Bank of Columbus
 
 vs.
 
 Hines,
 
 (3 O. S. Rep., 1.) In that case the Supreme Court .of Ohio, say: “Taxing is required to be by a
 
 ‘uniform rule’
 
 — that is, by one and the same unvarying standard. Taxing by a uniform rule requires - uniformity not only in the
 
 rate
 
 of taxation, but also uniformity in the mode of assessment upon the taxable valuation. Uniformity in taxing implies equality in the burden of taxation, and this equality of burden cannot exist without uniformity in the mode of assessment, as well as the rate of taxation. But this is not all. The uniformity must be coextensive with the territory to which it applies. If a State tax, it must be uniform all over the State. If a county or. city tax, it must be uniform throughout the extent of the territory to which it is applicable. But the uniformity in the rule required by the Constitution does not-stop here. It must extend to
 
 all property
 
 subject to taxation, so that all property may be taxed alike — equally—which
 
 is
 
 taxing by a- uniform rule.”
 

 We forbear to examine the soundness of the conclusions of the Supreme Court of Wisconsin. They need no support at oui hands. We could add nothing to what they have so well and
 
 *518
 
 ably said in vindication of tbeir own views: Such a discussion would encumber this opinion without throwing any new light upon the subject.
 

 Acting upon a principle, recognized in its administration from the .earliest period of its history, this .Court considers itself bound in cases like this, to follow the settled adjudications of the highest State Court, giving constructions to the Constitution and laws of the State.
 
 (Leffingwell
 
 vs.
 
 Warren,
 
 decided at this term.)
 

 The bill avers that at the time the tax complained of was levied, there was personal property in the. city, of the value of from $300,000 to $400,000, liable to taxation. The de- . murrer admits this fact. The statute prescribing the property to be taxed, and that to be wholly exempted from taxation, shows that this personal property must have been taxed for other purposes. This tax was levied exclusively upon the real estate of the City. That was a discrimination in favor of the personal property. It was beyond the constitutional power of the Legislature to make any discrimination. Property must be wholly exempted or not exempted at all. No partial exemption or discrimination is permitted. To impose certain taxes exclusively upon one class of taxable property is as much a discrimination as to vary the rates of the same or other taxes upon different classes of property.
 

 The latter was attempted to be done, as has been shown, in the City of Janesville. The tax was adjudged to be utterly void.
 

 The same result must follow here.
 

 A case' illustrating more strongly than the case before us, the the wisdom of the rule of the Constitution, as thus interpreted, and the injustice which may be done in departing from it, can hardly be imagined.
 

 The Court below erred in sustaining the demurrer and dismissing the bill.
 

 The decree is reversed, and the cause remanded for furthej ' proceedings in conformity with this opinion.