## No. 6105.

CITY OF NEW ORLEANS vs. J. DAVIDSON AND J. D. HILL ET AL.

The taxes due a municipal corporation for one year, can not be compensated by an overpayment of taxes made by the debtor the year previous.

The assessment against a tax-payer is not rendered null by merely omitting from the assessment roll, as exempt from taxation, five hundred dollars worth of personal property, and one thousand dollars of income.

Where the exemption from taxation fixed by law applies equally, and uniformly to all tax-payers, it can not be said to contravene the constitutional requirement of equality, and uniformity of taxation.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J.

*Sam. P. Blanc* for plaintiff and appellee.

*Ogden & Hill* for defendant and appellant.

The opinion of the court was delivered by

MANNING, C. J. These are suits of the City for taxes of 1875, which have been cumulated by consent. The defence in this court rests upon two objections, 1. the right to compensate the tax now demanded by such sum as was paid for the taxes of 1870, in excess of what was then legally demandable, 2. the assessment is null, because made in violation of art. 118 of the Constitution, and because of the omission from the rolls of five hundred dollars' worth of personal property, and one thousand dollars of income, of each person liable to assessment.

The first point has been decided adversely to the defendants in the City vs. John Davidson et als. The second objection remains for consideration.

The constitution requires that taxation shall be equal and uniform, and that all property shall be taxed in proportion to its value. It confers upon the General Assembly the power to exempt from taxation property actually used for church, school, or charitable purposes, and the power to levy an income tax upon all persons pursuing any occupation, trade, or calling, and such tax shall be *pro rata* on the amount of income, or business done.

The General Assembly, by act of March 16, 1870, exempted from taxation every income which shall not exceed one thousand dollars a year, and household furniture to the value of one thousand dollars. Acts, ex. sess. p. 38. It also exempted certain property if used for church, school, or charitable purposes. The rolls of the taxes of 1875 were made in accordance with the Act just' cited, and omitted to assess incomes and household furniture of the value exempted therein.

Perfect equality of taxation is unattainable. A tax on property by valuation is the fairest mode, but that can not be apportioned or collected with absolute justice. It is not essential to the validity of taxation that it be levied according to rules of abstract justice. Abstractly it is unjust that the same property shall be taxed twice, and other property not taxed at all, but it is readily seen that this may and does often happen. It was said in the State v. Poydras, 9 Annual, 165— taxation need not be universal in order to be uniform. Certain objects may be taxed and others exempted, certain occupations may be taxed, and others not, or some occupations may be taxed for a greater amount than others, but as between different subjects of taxation, all in the same class must be taxed equally. The same principle was reiterated in the City v. Kaufman, 29 Annual, 283.

So also exemptions, either by failing to include the exempted property in the subjects of taxation, or by excluding them by designation, do not necessarily destroy the equality or uniformity of taxation. Cooley says—there are some cases in which the legislature has exempted household furniture, tools of trade, etc. and the limited personal effects which very poor persons may be possessed of, but these are to be regarded as rather in the nature of limitations of the general rule than as exceptions to it. Taxation p. 130. And in another work the same writer says—" the constitutional requirement of equality and uniformity only extends to such objects of taxation as the legislature shall determine to be properly subject to the burthen. The power to determine the persons and the objects to be taxed is trusted exclusively to the legislative department, but over all those' the burthen must be spread, or it will be unequal and unlawful as to those selected to make payment." And in support of this dictum he cites and digests the case of Weeks v. Milwaukie, 10 Wis. 242 which is quoted at length by the counsel of the defendants in this case. Const. Lim. p. 515.

So also in the case in 9 Wis. 410, the name of which is not given us, but the opinion is copied *in extenso* in the defendants' brief, it is said—" the rule of taxation shall be uniform, that is to say, the course or mode of proceeding in levying or laying taxes shall be uniform. It shall in all cases be alike. The act of laying a tax on property consists of several distinct steps, such as the assessment or fixing its value, the

establishing its rate, etc. and in order to have the rule or course of proceeding uniform, each step must be uniform. The valuation must be uniform, the rate must be uniform. Thus uniformity becomes equality."

Gilman v. City of Sheboygan, 2 Black, 510 was a case from Wisconsin, where the constitution requires the rule of taxation to be uniform. The City Council had levied a tax upon all the real estate within its limits to pay the interest on its bonds, issued in aid of a railroad, but had not levied any tax upon any other kind ·of property, and it was proved or admitted that at the time this tax was levied, there was personal property in the City to the amount of three or four hundred thousand dollars. The Court reviewed several of the leading cases in its Opinion and particularly the Wisconsin cases, and held that the tax, having been levied exclusively on real estate, was a discrimination in favor of personal property, and such discrimination was beyond the constitutional power of the legislature.

This Sheboygan case itself came under discussion in Muscatine v. Railroad Co. 1 Dill, Circ. Rep. 536 before Miller J. in chambers on application for injunction. A statute of Iowa had exempted railroad property from all other taxes but one per cent per annum paid into the State treasury. The constitution of the State declares that all taxation shall be uniform. The Justice says—"in this case there is no attempt to render any species of property liable to taxation for any specific debt (as in the Sheboygan case) but an exemption of the railroad from all other burdens, in consideration of a definite sum, which may be more or less than its share of such burthen. Whether this exemption be forbidden by the constitution or not, I am quite clear that it does not render void the tax which is levied upon other property."

If the legislature had exempted from taxation one thousand dollars of income, when derived from real estate, or if it had exempted one thousand dollars' worth of household furniture of those who only owned that much, it would have been a discrimination in the one case against personal property, and in the other in favor of persons who owned but little furniture. Such discrimination· would be illegal, because unconstitutional. But the income of all persons up to one thousand dollars is exempt, and the household furniture of every one of that value is exempt. The defendants have the benefit of these exemptions equally with all other persons. They doubtless omitted from their lists of property for assessment these sums, which the legislature had declared exempt. Where the exemption applies equally and uniformly to all tax-payers, it can not be said to contravene the constitutional requirement of equality and uniformity. The objection of the defendants to the assessment and collection of the City taxes is not well founded.

Judgments affirmed.