MAYAGÜEZ SHOW COMPANY, PLAINTIFF AND APPELLANT, *v.* MUNICIPALITY OF MAYAGÜEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in Injunction Proceedings.

No. 2581.—Decided April 28, 1922.

TAXES—POWERS OF LEGISLATURE—DELEGATION OF POWERS.—The Legislature of Porto Rico has been invested by the Congress of the United States with all the powers consistent with a republican form of government that any State or Territory possesses to impose taxes or delegate that power to the municipalities, the only limitations being the usual ones and those expressly contained in the Organic Act, and that power is not a delegated power, but is an incident of its sovereignty, or quasi sovereignty, as settled by the case of *People* v. *Rosaly,* 227 U. S. 270.

ID.—POWER OF TAXATION.—The power of taxation that resides in any subordinate body, county or municipality is to be considered as an exercise of power by the ultimate sovereignty, as set forth in the case of *Gilman* v. *Sheboygan,* 67 U. S. 510.

ID.—MUNICIPAL TAX—PUBLIC PERFORMANCES.—A tax imposed by a municipal ordinance on all public performances where an admission fee is charged is a lawful tax which, if necessary, may be considered as previously provided and defined by the Legislative Assembly in accordance with section 3 of the Organic Act, which does not require that each and every tax authorized must be expressly and specifically defined.

ID.—ID.—A municipal tax on admissions to public performances is an excise tax and not a property tax.

ID.—ID.—UNIFORM TAXES.—A municipal excise tax which is uniform throughout the municipality conforms to the requirements of the Organic Act as to uniformity of taxation.

ID.—ID.—PUBLIC HEARING.—Where the taxation emanates from the legislature, or a duly authorized municipality, there is no necessity of a previous public hearing in order that the tax may be valid.

The facts are stated in the opinion.
*Mr. J. Sabater* for the appellant.

*Mr. J. Alemañy Sosa* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The Municipal Assembly of Mayagüez passed an ordinance to fix a municipal tax for every public exhibition where admission was charged. This tax was graduated on the value of each ticket. The ordinance authorized the municipal administration to fix the rules for the collection of this tax and such rules were made.

The Mayagüez Show Company, the appellant here, paid this tax until the 8th of August, 1921, and then refused to pay it and requested defendant to annul the said ordinance, which the defendant refused. Thereupon a suit was filed seeking by injunction to annul the said ordinance.

Judgment was rendered against the complainant, who appealed.

The court below, setting forth the facts and the theories of the complainant, held that the taxing power invested by Congress in the Legislature was not a delegation of legislative authority in the true sense, but a bestowal of sovereign power; that the Legislature had conferred the power of taxation upon the municipalities, there being no restriction in section 3 of the Organic Act, but rather an authorization; that section 49 of the Municipal Law of 1919 delegated the power of taxation to the municipalities and hence a right to put a tax on shows, and with citation of authorities the court held that no principle of uniformity was violated and that due process of law had been observed.

The appellant's first assignment of error is that the court erred in saying that Porto Rico had the same power as any State of the Union to impose taxes. More or less directly we have decided this question in the case of *Sucs. of C. & J. Fantauzzi* v. *Municipal Assembly of Arroyo, ante,* p. 390. We agree with the court and the appellee that the power that Porto Rico has to impose taxes is not in reality a del-

egated power, but is an incident of its sovereignty or quasi sovereignty as settled by the case of *People* v. *Rosaly,* 227 U. S. 270. Furthermore, we agree with the appellee that at most this power of taxation that resides in any subordinate body, county or municipality, is to be considered as an exercise of power by the ultimate sovereignty as set forth in the case of *Gilman* v. *Sheboygan,* 67 U. S. 510. As to the power of the municipality to impose an excise tax without such tax being expressly and specifically defined by the Legislature, we have fully discussed this question in the *Fantauzzi Case, supra.* These considerations cover the second assignment of error as well.

The third assignment of error, in so far as not covered by the foregoing considerations, has been covered by our decision in the case of *People* v. *Garzot,* 24 P. R. R. 215. The point is in this case that the municipality could recover a license tax, but the aforesaid case decides that the business of running or owning a theatre is different from the question of collecting a tax by reason of individual performances. That such a tax on the right of entrance is an excise tax and not a property tax was also treated in the *Fantauzzi Case, supra.* We likewise agree with the appellee that this is not double taxation in the sense that double taxation is prohibited. Cooley on Taxation, vol. 1, p. 502. The municipality had ample authority to impose any kind of a tax under section 49 F of the Municipal Law of 1919.

The point most discussed at the hearing of this case was the question of the uniformity of the tax, appellant alleging that the taxation must be uniform in Porto Rico. In a general way we passed upon this question in the said *Fantauzzi Case,* but we think it is obvious that a municipality could control the tax to be paid by theatres or for performances without any one imagining that the tax to be recovered in another municipality would have to be the same.

We agree with the appellee that there is no variation from the uniformity by reason of the tax being graduated according to the value of each ticket.

The fourth assignment of error was that in the passage of this ordinance due process of law had not been observed. Appellant maintains that the interests taxed ought to have been given a hearing, and cites authorities. But these authorities relate to cases where powers of fixing rates for light have been conferred upon a board or commission. In these cases a hearing is necessary, as we have also decided. However, where the taxation emanates from the Legislature or a duly authorized municipality there is no necessity of a previous hearing and appellant has cited no authority to this effect.

The fifth assignment of error was that the municipality had no authority to make the complainant a collector of taxes. This manner of imposing a tax is familiar in the United States as a part of the way of collecting a luxury tax during the war and is perhaps still existing, and in the absence of a citation of authorities we shall not discuss the matter at great length.

We are inclined to think also that the appellee is right when it maintains that injunction is not the proper remedy to attempt to annul an ordinance. We discussed this question in the case of *Central Victoria* v. *Pérez, ante,* p. 413. We found it unnecessary in that case definitely to decide it and the same is true here.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.