384 P.2d 677

**In the Matter of the Appeal of C. C. Anderson Stores Company from the Order of the State Tax Commission of the State of Idaho.**

**C. C. ANDERSON STORES COMPANY, Plaintiff-Appellant,**

**v.**

**The STATE TAX COMMISSION of the State of Idaho, Defendant-Respondent.**

No. 9227.

Supreme Court of Idaho.

Aug. 15, 1963.

Allan G. Shepard, Atty. Gen., Eugene C. Smith, Pros. Atty., Ada County, J. N. Leggat, Boise, for respondent.

Moffatt, Thomas, Barrett & Blanton, Boise, for appellant.

McQUADE, Judge.

Appellant has a retail merchandise business situated in Boise, Ada County, Idaho. At the request of the Ada County Assessor, and for purposes of making an assessment for the year 1959, appellant submitted an inventory of all merchandise in the Boise store for the year 1958. The following exhibit reflects defendant's inventory and depreciation schedule.

| | | |
|---|---|---|
| December 31, 1958 Inventory per | | |
| Balance Sheet | | $357,135.46 |
| Deductions | | |
| Non-Fashion | | |
| Mdse over 13 months old | 15,562.98 | |
| Mdse 8–13 months old | 42,562.24 | |
| Total | 58,125.22 x 50% | 29,062.61 |
| Fashion | | |
| Mdse 2–3 months old | 25,813.11 | |
| Mdse 4–7 months old | 23,461.50 | |
| | 49,279.61 x 50% | 24,639.82 |
| January markdowns not reflected in old age mdse above | | 17,426.32 |
| Total Deductions | | $71,128.75 |
| Total Mdse Inventory Reported | | $286,006.71 |

It is to be noted that the actual assessed value for tax purposes is twenty-five per cent of the inventory value. In this instance the assessor took an arbitrary inventory figure of $400,000.00 for tax purposes, and by applying the 25% equalizing factor arrived at the $100,000 actual assessment. The assessor in describing the procedure by which he arrived at the amount of $400,000.00 inventory figure stated that he walked through the store glancing at the merchandise, computed the square footage of the building, and upon this information determined that the contents of the building should have an inventory value of $400,000.00.

Appellant protested this valuation to the Board of County Commissioners of Ada

County. The Ada County Board of County Commissioners sitting as the County Board of Equalization denied appellant's request for a reduction of the assessed valuation. Thereafter, appellant appealed to the State Tax Commission.

In submitting the question · of assessed valuation to the State Tax Commission it was urged by appellant that depreciation and obsolescence of merchandise should be taken into consideration in arriving at the full cash value for taxation purposes as required by I.C. § 63–102. The State Tax Commission heard witnesses and admitted evidence upon which it based its order that the actual inventory of appellant for 1959 tax purposes was $357,135.00, which was the inventory valuation submitted by appellant, and that the assessed value thereof should be 25% of the inventory value to-wit: $89,284.00. The State Tax Commission ordered the assessment to be modified accordingly. Appellant next took an appeal to the District Court of Ada County and the parties stipulated that the case he heard by the trial court upon the same record which the State Tax Commission had determined the assessment. The record does not establish that the assessor has assessed other merchants in any manner differently than was the assessment of appellant's inventory. There is no evidence that the assessor used the obsolescence and markdown factors in establishing ·the value of other taxpayers.

The trial court in an amended judgment held that the order of the State Tax Commission be affirmed. Appellant has taken this appeal from that amended judgment.

■ On appeal, appellant urges that depreciation or obsolescence should be considered by the assessor in arriving at the actual cash value of personal property as required by I.C. § 63–102 and as that term value is defined in I.C. § 63–111 and I.C. § 63–202. I.C. § 63–111 is as follows:

"By the term 'value,' 'cash value' or 'full cash value' is meant the value at which the property would be taken in payment of a just debt due from a solvent debtor, or the amount the property would sell for at a voluntary sale made in the ordinary course of business, taking into consideration its earning power when put to the same uses to which property similarly situated is applied."

I.C. § 63–202 insofar as it is applicable is

"In ascertaining the value of any property the assessor shall not adopt a lower or different standard of value because the same is to serve as a basis of taxation, nor shall he adopt as a criterion any value or price for which the property would sell at auction or at forced sale, or in the aggregate with all the property in the taxing district; nor, on the other hand, shall he adopt a speculative valuation, or one based upon

sales made upon the basis of a small cash payment and instalments payable in the future, but he shall value each article or piece of property by itself and at such sum or price as he believes the same to be fairly worth in money at the time such assessment is made. * * *"

We have said in Appeal of Sears, Roebuck & Co., 74 Idaho 39, 256 P.2d 526, that we will not correct mere mistakes or errors of judgment on the part of an assessor, but will grant relief where the valuation fixed by the assessor is manifestly excessive, fraudulent or oppressive; or arbitrary, capricious and erroneous resulting in discrimination against the taxpayer.

██ In this case, the assessor did not consider the statement of appellant, but arbitrarily decided that a ratio existed between the square footage of the premises utilized in the taxpayers business and merchandise inventory.

██ As was said in the Appeal of Sears, Roebuck & Co., supra, this method of assessment is erroneous and excessive. The State Tax Commission set aside the assessment so made by the assessor. The only question for us to decide is whether the law of this state permits utilization of depreciation and obsolescence in the determination of personal property value.

 Cost and value are not necessarily synonymous terms as contemplated by I.C. § 63-111. In Anderson's Red & White Store v. Kootenai County, 70 Idaho 260, 215 P.2d 815, we said that cost of merchandise on the open wholesale market is prima facie evidence of value. The assessor made no attempt to establish a value of the inventory, therefore the usual presumption as to correctness is not applicable.

Consequently, we are confronted with the proposition as to whether the inventory submitted by the taxpayer less the sum for depreciation and obsolescence is contemplated by the statutes.

In Anderson's Red & White Store v. Kootenai County, supra, we said:

"We have a number of statutory provisions intended to guide and direct the assessor in making assessment. Those which may be considered directly involved here are: Secs. 63-102, 63-111, 63-202, 63-1203, 63-1206, and 63-1207, I.C. These statutes indicate that, for ad valorem taxation, all property is to be assessed at its 'full cash value' as of the date of the assessment. Property which is bought and sold for cash on the current market has a market value, which, as to such property, becomes the dominant factor in its valuation. Secs. 63-111 and 63-202, I.C. As to property which has no current market, other factors (such as earning power, replacement cost less depreciation, or consensus of opinion of taxpayers, Sec. 63-202, I.C.) become the more important. But after having con-

sidered all of the relevant factors affecting the value of the different classes and items of property, and having arrived at the current value, if the result is not entered as the assessed value, and the assessor decides that the 'full cash value' contemplated by statute is less than the value so arrived at, he must assess all property at the same proportion of its market or other actual current value. * * *"

It was also said therein:

"The assessor may and should consider the earning power, and all other factors, known or available to his knowledge, which affect the value of the property assessed, to the end that the property of each taxpayer will bear its just proportion of the burden of taxation. * * *"

■ Depreciation was expressly mentioned as a factor to be considered in arriving at the value of property during the discussion of this subject matter in the Anderson's Red & White Store case. There has been no change in the statutes since that case and such analysis thereof remains. The cause is reversed and remanded to the trial court for appropriate further proceedings and judgment in conformity herewith.

Costs to appellant.

KNUDSON, C. J., McFADDEN and TAYLOR, JJ., and NORRIS, D. J., concur.