398 P.2d 221

Appeal of Cody ABBOT et al., all residents of the Lewiston Orchards, from an Order of the County Board of Equalization of Nez Perce County, Idaho, Plaintiffs-Appellants,

v.

State of Idaho STATE TAX COMMISSION, Defendant-Respondent.

No. 9358.

Supreme Court of Idaho.

Jan. 12, 1965.

Rapaich & Knutson, Lewiston, for appel-lants.

Allan G. Shepard, Atty. Gen., and M. Allyn Dingel, Jr., Asst. Atty. Gen., Boise, for respondent.

KNUDSON, Justice.

Appellants are owners of land located in the Lewiston Orchards Irrigation District, Nez Perce County, Idaho. By this proceeding appellants challenge the validity of the

classification and assessed valuation placed on their properties for the year 1956. This is an appeal from an order of the district court affirming an order of the State Tax Commission of this state wherein it was held that appellants' properties were properly classified and assessed.

It is admitted by stipulation that said district has an area of approximately 3500 acres and during the year 1956 there were situate in the district approximately 2000 lots used exclusively for residential purposes; that in October 1962 there were approximately 2500 of said exclusively residential lots and that, in addition, there were 800 residential improvements on acreages of more than ¼ acre on which acreages cash crops were raised, and in addition, there were an undetermined number of lots platted for exclusively residential purposes on which there were no residential improvements.

The record before us does not contain a detailed description of the parcels separately owned by each of the 71 appellants; however it is admitted that their respective lands are used in whole or in part for the growing of fruits, berries, truck gardens, nursery crops and assorted other crops, all by means of irrigation; and in raising various types of animals and fowls.

One of appellants' principal contentions is that the trial court erred in concluding as a matter of law that the State Tax Commission has the power to create the classification of "suburban" as applied to the assessment of real property for ad valorem tax purposes. Appellants cite Article 7 § 3 of our Constitution, which provides that "the word 'property' as herein used shall be defined and classified by law." It is then argued that only the legislature can classify property for ad valorem tax purposes; that the legislature has done so by enacting I.C. § 63–315 and that the State Tax Commission usurped a legislative function in creating the classification of "suburban" and is therefore contrary to law.

The State Tax Commission is a constitutional body existing under the authority of Article 7 § 12 of the Constitution of this state, which provides in part that "said commission shall have such other powers and perform such other duties as may be prescribed by law, * * *" Pursuant to such constitutional provision the legislature has prescribed certain duties and powers of the commission, and the following quoted portion of I.C. § 63–605 unmistakably disposes of appellants' contention that the commission does not have power to classify property for taxation purposes:

"* * * It is also empowered to reclassify or order and compel a reclassification of property in any county, and to create new classifications for any taxable property, and to order and compel reassessment of any class or classes of property within the county."

The contention that the foregoing cited statute constitutes unauthorized delegation of legislative authority is likewise without merit. This statute, when considered in connection with said Article 7 § 12 and the statute pertaining to the duties and powers of the commission, adequately declares the policy of the law and fixes the legal principles which are to control. It is an accepted rule of judicial decision that the legislative function has been complied with, where the terms of the statute are sufficiently definite and certain to declare the legislative purpose and the subject matter meant to be covered by the act; and that the legislature may constitutionally leave to administrative agencies the selection of the means and the time and place of the execution of the legislative purpose, and to that end may prescribe suitable rules and regulations. State v. Taylor, 58 Idaho 656, 78 P.2d 125.

The legislature in enacting a law complete in itself, designed to accomplish the regulation of particular matters falling within its jurisdiction, may expressly authorize an administrative commission within definite limits, to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose, and in so doing, the administrative officer or board so empowered may be given the right to prescribe or vary regulations in the matter. State v. Heitz, 72 Idaho 107, 238 P.2d 439; see also 11 Am.Jur. 955, §

240; Howard v. Missman, 81 Idaho 82, 337 P.2d 592.

Under the pretrial order entered by the trial court dated October 11, 1962, it is admitted that the term "suburban lands" is a classification created by the State Tax Commission, which classification has appeared on the abstracts of real property assessments in the several counties of this state during all years subsequent to 1954; that the commission by rule and regulation defined said term as being

"platted tracts of land having 5 acres or less adjacent to or near city boundaries or so ideally located that land is being improved or has potential resale value for residential, commercial or industrial building purposes."

We conclude that the State Tax Commission is authorized to classify property for taxation purposes and we consider the classification of "suburban" as defined by the Commission to be founded on a reasonable difference from other existing classifications. Crom v. Frahm, 33 Idaho 314, 193 P. 1013; Diefendorf v. Gallet, 51 Idaho 619, 10 P.2d 307. The classification of "agricultural" land is defined by statute (I.C. § 63–315).

Appellants claim that the trial court erred in not concluding, as a matter of law, that the assessor or his agent must call at the office, place of business or residence of

each taxpayer and require the taxpayer to make a taxpayer's statement. Appellants cite I.C. §§ 63–203 wherein it is provided, inter alia, that "the assessor shall call at the office, place of business or residence of each person required by this act to list property, if such person is a resident of the county * * *." This record discloses that in connection with the assessment of appellants' properties here involved the assessor of Nez Perce County employed deputies, whom the assessor referred to as experts, to assist him in this work; that the assessor did not know if his deputies visited at the place of business or residence of each of the landowners. However the assessor did testify he knew that his deputies considered and appraised each piece of property individually and separately.

There is no contention that any of appellants were in any respect prejudiced by a failure to comply strictly with such statutory provision and in view of the fact that I.C. § 63–203 also provides "that if for any reason the assessor shall fail to visit any such person, said failure shall not impair or invalidate such assessment * * *", we consider this claim of error to be without merit.

Appellants also claim that their lands have been improperly assessed. The perimeter areas of each of appellant's lands to a depth of 160 feet inward from the property line were admittedly classified as suburban lands. It is not stipulated what classification was applied to the remaining portions of each tract although it is stated in appellants' brief that "From that point inward they have been classified as agricultural."

The record discloses that the county assessor did not personally assess the property involved and that he did not know just what criteria of value was used by his assistants who determined the valuation for tax purposes. The assessor refers to said assistants as state appraisers and experts, although he made no investigation concerning their training, experience and background as tax property appraisers. In Eastern-Columbia, Inc. v. Los Angeles County, 61 Cal.App.2d 734, 143 P.2d 992, the court stated that the question is not what someone else, however eminent he may be in the field of appraisal work and knowledge of market values, may think is the proper method, but involves simply the determination as to whether the method used by the assessor was legitimate and fair, and was a reasonable method to use in arriving at the value of the property in question.

It is admitted, under the pretrial order, that although appellants' lands are used in whole or in part for agricultural purposes the values used in appraising and assessing the perimeter portions of said lands were

values based upon prices paid for land in that district used for residential or non-agricultural business purposes and not on prices for lands used for irrigated agricultural purposes.

It is also admitted that in appraising the aforementioned 160-foot perimeter portions of appellants' lands, the appraisers used the front foot as the basic appraisal unit; that the assessed values placed on the lands in said district rise or fall uniformly as one moves away from or towards the lands contiguous to Bryden Avenue between Fifth and Eighth Streets. No showing is made regarding the criteria factors and guides used and considered by the assessor in determining the assessed value of the property contiguous to Bryden Avenue from which the sliding scale of value radiated.

I.C. § 63–102 provides that all real and personal property subject to assessment for taxation must be assessed at its full cash value for taxation purposes. Full cash value is defined by I.C. § 63–111 as follows:

"By the term 'value,' 'cash value' or 'full cash value' is meant the value at which the property would be taken in payment of a just debt due from a solvent debtor, or the amount the property would sell for at a voluntary sale made in the ordinary course of business, taking into consideration its earning power when put to the same uses

to which property similarly situated is applied."

The law clearly requires that the assessor adhere to the statutory standard of full cash value. I.C. § 63–202 provides:

"In ascertaining the value of any property the assessor shall not adopt a lower or different standard of value because the same is to serve as a basis of taxation, nor shall he adopt as a criterion any value or price for which the property would sell at auction or at forced sale, or in the aggregate with all the property in the taxing district; nor, on the other hand, shall he adopt a speculative valuation, or one based upon sales made upon the basis of a small cash payment and instalments payable in the future, but he shall value each article or piece of property by itself and at such sum or price as he believes the same to be fairly worth the money at the time such assessment is made. * * *"

The admitted facts in this case disclose that two factors were considered in fixing the assessed value on the lands involved: (1) prices paid for land in that district used or to be used for residential purposes, and (2) a value arbitrarily arrived at by applying a sliding scale of decreasing values as the distance from Bryden Avenue increases. Under these admitted facts it is clear that the assessed value of appellants'

lands was not based upon the standard of what the respective parcels would bring at a voluntary sale.

In determining the value of property for taxation purposes the assessor may and should consider cost, location, actual cash sale value and all other factors, known or available to his knowledge, which affect the value of the property assessed, to the end that the property of each taxpayer will bear its just proportion of the burden of taxation. Anderson's Red & White Store v. Kootenai County, 70 Idaho 260, 215 P.2d 815. This court has consistently held that the only criterion for determining value of property for ad valorem tax purposes is the full cash or market value. Boise Community Hotel v. Board of Equalization, 87 Idaho 152, 391 P.2d 840; C. C. Anderson Stores Co. v. State Tax Comm., 86 Idaho 249, 384 P.2d 677. We conclude that the criterion or method used in fixing the assessed value upon the lands here involved was erroneous for the reason that it does not reflect an attempt to ascertain the actual full cash value of the property.

Appellants further contend that the trial court erred in not finding and concluding that the State Tax Commission did not properly exercise the powers given it to equalize the assessment of appellants' properties with other properties of the same class throughout the State of Idaho. The record before us does not disclose the values which were fixed upon appellants' properties or upon properties similarly situate and consequently we are unable to determine if appellants' properties were assessed in uniformity with other like property throughout the state. It has long been recognized by this court that the value of property for purposes of taxation as determined by the assessor is presumed to be correct; and the burden of proof is upon the taxpayer to show by clear and convincing evidence that he is entitled to the relief claimed. Appeal of Sears, Roebuck & Co., 74 Idaho 39, 256 P.2d 526; Anderson's Red & White Store v. Kootenai County, supra; and Boise Community Hotel v. Board of Equalization, supra.

Notwithstanding the fact we have found that the criteria of value admittedly used by the assessor in determining the assessed valuation upon appellants' property was erroneous, it does not necessarily follow that the value fixed is not its full cash value. Since appellants have not established a prima facie case of prejudicial discrimination relative to the values placed upon their respective parcels of land, the presumption favoring the correctness of the value fixed by the assessor shall prevail.

The order appealed from is affirmed. No costs allowed.

McQUADE, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.