422 P.2d 337

**C. C. ANDERSON STORES COMPANY,
Plaintiff-Respondent,**

v.

**The STATE TAX COMMISSION of the State
of Idaho, Defendant-Appellant.**

**No. 9764.**

Supreme Court of Idaho.

Jan. 13, 1967.

Allan G. Shepard, Atty. Gen., and Larry D. Ripley, Asst. Atty. Gen., Boise, for appellant.

Moffatt, Thomas, Barrett & Blanton, Boise, for respondent.

SPEAR, Justice.

The Bon Marche is a department store located in the downtown Boise area owned by the Allied Stores Company. Respondent, C. C. Anderson Stores Company, a wholly owned subsidiary of Allied Stores, opened the Bon Marche Garage on or about July 1, 1963, at a construction cost of nearly $240,000.00. The garage building is located on property adjacent to the Bon Marche Store and is connected to the second floor of the store by means of a "sky bridge" which affords access to the store for customers using the garage parking facility. The construction of the garage was undertaken with the hope of increasing the volume of business of the store by providing convenient parking facilities for its customers and was not undertaken solely for investment or rental purposes or, specifically, for its income-producing potential. The income of the garage property was estimated at about $3000.00 per month based on an operating history of less than one year, and while the evidence indicated the garage was intended to operate at a profit, nevertheless, the owner would be content to merely "break even," the primary purpose of the garage being an inducement for business customers for the store.

After an order had been entered by the Ada County Board of Equalization assessing the garage property for the year 1964, respondent appealed to the State Tax Commission, appellant herein. At the hearing set by the State Tax Commission it was determined that neither party, i. e., respondent nor the Ada County Board of Equalization, had used all approaches to value so appellant, acting under section 63-513(4) I.C., directed the appraisal division of the commission to appraise the property. Thereafter appellant regularly issued its order determining the assessed valuation of the parking garage property. From this order respondent appealed to the district court which determined that the only issue before that court was:

"What the full cash value of the subject building is."

Appellant objected to this on the grounds that before a redetermination of the assessment could be made by the district court, the court must first find that the assessment of the tax commission was arbitrary or capricious. The court denied the objection.

After a full hearing on the matter the court determined that the tax commission had concluded the full cash value of the garage building equaled the replacement value of the building less depreciation. Respondent contended that the replacement cost was not an accurate appraisal of the full cash value because the garage building, as a separate entity, would not sell for that price on the market. The evidence discloses the garage was constructed at a relatively high cost to provide convenient parking for customers of the store, and the structure was worth considerably less on the market due to the low income generated by the facility on its own.

The trial court found that the tax commission erred in using the replacement cost less depreciation as an exclusive basis to determine full cash value without considering income and made a redetermination of the full cash value of the assessed property. The district court specifically made the following finding:

"III

"That the valuation placed upon the improvements, being the Bon Marche Garage, by the Idaho State Tax Commission, towit: $236,000.00, is excessive and contrary to the determination of full cash value as prescribed in Section 63-111, Idaho Code."

On this and the other findings of fact the trial court concluded:

"I

"Property of a type which is bought and sold on the current market has a market value, which, as to such property,

becomes the dominant factor in its valuation; however, as to a type of property which has no current market, other factors such as earning power, original cost of the property, replacement cost less depreciation, and all other known factors relevant to value must be utilized in determining full cash value of the property for purposes of ad valorem taxation * * *."

and further concluded that "the assessment for taxes for the year 1964 made upon the said order of the Idaho State Tax Commission are erroneous and illegally assessed and collected."

From these findings and conclusions and the redetermination of the "full cash value of the property for purposes of ad valorem taxation" made by the trial court, the tax commission has perfected this appeal.

Only one assignment of error is specified by the appellant, that being:

"The District Court erred in modifying the order of the Idaho State Tax Commission without finding that its order was manifestly excessive, fraudulent or oppressive; or arbitrary, capricious and erroneous."

Under I.C. § 63–102, prior to 1965 amendment, "all real and personal property subject to assessment and taxation must be assessed at its full cash value for taxation for state, county, * * * and other purposes, under the provisions of this act, with reference to its value at twelve o'clock meridian, on the second Monday of January in the year in which such taxes are levied * * *." The full cash value at which property subject to assessment must be assessed is defined in I.C. § 63–111 as "the value at which the property would be taken in payment of a just debt due from a solvent debtor, or the amount the property would sell for at a voluntary sale made in the ordinary course of business, taking into consideration its earning power when put to the same uses to which property similarly situated is applied."

Property which is bought and sold for cash on the current market has a market value, which as to such property, becomes the dominant factor in its valuation. The garage property involved herein, however, was the only one of its type in Idaho when the assessment was made. Two other similar garages were under construction at the time of the hearing before appellant, but when the assessment on respondent's property was made there was no comparable property on which to make an assessment based on market approach. Necessarily other factors such as the earning power of the property, replacement cost less depreciation, or consensus of opinion of taxpayers must be considered where property, which has no ascertainable market value, is assessed. Anderson's Red & White Store v. Kootenai County, 70 Idaho 260, 215 P.2d 815. (See also I.C. § 63–202 as amended in 1965, indicative of the legislative intent concerning criteria to be considered now in determining full cash value.)

The trial court found that the value placed upon the building by appellant was determined exclusively upon replacement cost of such improvements less depreciation; that such value is excessive and contrary to the determination of full cash value as prescribed in I.C. § 63–111; that since there have been no sales of comparable properties from which full cash value could be determined by reference to market data, other factors such as construction cost, location, use, earning power and replacement cost less depreciation must be utilized in determining full cash value; that actual construction cost or depreciated replacement cost alone do not fairly reflect full cash value of the assessed property, because the garage building was not constructed for investment or rental purposes or solely for its income-producing potential as a single operating entity but was constructed for the purpose of complementing an adjacent retail store to facilitate parking by the store's customers and thereby increase the volume done by the parent corporation's store; and that

considering the reasonable income, as compared to the actual income of the property, and the factors for capitalization of that income situation, the value of the building was $121,516.00 taking into consideration all of the factors enunciated by the court. (In contrast the cash value of the building set by appellant was $236,000.00.)

We are of the opinion the evidence presented to the trial court is ample to support these findings.

There is no contention on the part of appellant that the full cash value of the garage building set by the commission is correct or that the full cash value as redetermined by the trial court was incorrect; instead, as set forth in the sole assignment of error, appellant contends there was reversible error committed by the trial court in modifying the order of the Idaho State Tax Commission without first finding that the commission's order was "manifestly excessive, fraudulent or oppressive; or arbitrary, capricious and erroneous."

■ As contended by appellant the rule is well established in Idaho that a district court, though it considers appeals from the State Tax Commission *de novo,* is not justified in modifying the order of the commission unless such order was manifestly excessive, fraudulent or oppressive; or arbitrary, capricious and erroneous. Abbot v. State Tax Commission, 88 Idaho 200, 398 P.2d 221; Boise Community Hotel, Inc. v. Board of Equalization, 87 Idaho 152, 391 P.2d 840; C. C. Anderson Stores Co. v. State Tax Commission, 86 Idaho 249, 384 P.2d 677; Appeal of Sears, Roebuck & Co., 74 Idaho 39, 256 P.2d 526; Anderson's Red & White Store v. Kootenai County, 70 Idaho 260, 215 P.2d 815.

■ However in the case at hand the district court specifically found that the valuation placed upon the Bon Marche Garage was "excessive and contrary to the determination of full cash value as prescribed in Section 63–111, Idaho Code," or in other words, excessive and contrary to

the law; and concluded that the order of the State Tax Commission was "erroneous and illegally assessed." This substantially meets the requirements of the Idaho rule and is amply supported by the record.

■ The appellant was clearly in error in determining the full cash value of respondent's property solely on the basis of replacement cost less depreciation and in refusing or failing to consider the other criteria mentioned herein, particularly income of the property. The record indicates appellant did not attempt to ascertain full cash value as required under I.C. § 63–111, but instead ignored factors, which, if properly applied, would have permitted approximation of the market value of the property. Such action resulted in manifestly excessive assessment and was erroneous as a matter of law. The trial court did not err in redetermining the assessment value of the property on the proper basis. Abbot v. State Tax Commission, supra; Boise Community Hotel, Inc. v. Board of Equalization, supra; C. C. Anderson Stores Co. v. State Tax Commission, supra; In re Farmer's Appeal, 80 Idaho 72, 325 P.2d 278; Appeal of Sears, Roebuck & Co., supra; Anderson's Red & White Store v. Kootenai County, supra; Natatorium Co. v. Board of Com'rs of Ada County, 67 Idaho 143, 174 P.2d 936.

■ Although not assigned as a specific error, appellant in its briefs urges the principle that there is a presumption of correctness attaching to the tax commission's determination of value in the *de novo* proceeding on appeal to a district court. With this principle we have no quarrel, but such presumption is extinguished upon a prima facie showing in the trial court of an unlawful or erroneous assessment. This was clearly shown in the proceedings before the trial court in the case at hand, and the assessment of the commission was not supported by the evidence before the district court. Boise Community Hotel, Inc. v. Board of Equalization, supra; C. C. Anderson Stores Co. v. State Tax Commission,

supra; Appeal of Sears, Roebuck & Co., supra; Anderson's Red & White Store v. Kootenai County, supra.

The judgment of the trial court is affirmed, including the computation of the total valuation of the property involved assessed to respondent for the year 1964 at $43,781.16, and including that portion of the judgment ordering the Treasurer of Ada County, Idaho, to refund to respondent all sums collected from respondent for taxes for the year 1964 over and above the proper amount found to be due upon said assessed valuation  Costs to respondent.

SMITH, McQUADE and McFADDEN JJ., and ANDERSON, D. J., concur.