576 P.2d 1060

Myrtle A. WEST, Executrix of the Estate of C. Virgil West, Plaintiff-Appellant,

v.

TAX COMMISSION, State of Idaho, Defendant-Respondent.

No. 12270.

Supreme Court of Idaho.

April 5, 1978.

Jon N. Wyman, Boise, for plaintiff-appellant.

Wayne L. Kidwell, Atty. Gen., Dean W. Kaplan, Asst. Atty. Gen., Boise, for defendant-respondent.

SHEPARD, Chief Justice.

Myrtle West is the executrix for the estate of C. Virgil West, her late husband, and as executrix appeals the decision of the district court on the inheritance tax due the State which in turn was an appeal from an order of the State Tax Commission. The district court affirmed the order of the Tax Commission. We reverse.

Myrtle West was designated as the life tenant of a testamentary trust created by decedent. As the spouse of the decedent, her life estate in community property is not taxable under our inheritance tax statute. I.C. § 14–408(2)(a). The remainder interests are, however, subject to inheritance taxation. I.C. § 14–412(6). Taxes are to be assessed according to the market value of the property. I.C. §§ 14–402, 14–412 and 14–418. To determine the market value of the remainder interests, the value of the executrix's life estate is determined and subtracted from the total value of the trust. The difference is the value of the remainder interests. The value of the life estate is determined by a formula which takes into account the age and life expectancy of the life tenant. The longer the life expectancy of the life tenant, the greater is the value of the life estate and, correspondingly, the lower is the market value of the remainder upon which an inheritance tax is imposed.

At the time the estate was valued in this case the life tenant was 60 years old. The Commission determined that she had a life expectancy of 13.77 years. In reaching its estimate of the appellant's life expectancy the Commission relied upon the "Actuaries' Combined Experience Table of Mortality," found as an appendix to volume 3 of the Idaho Code at p. 380. See I.C. § 14–412(6). Appellant contends that reliance on this table violates the due process and equal protection clauses. The State urges the appeal be dismissed for failure to perfect a timely notice of appeal and because the executrix has no standing to raise these issues.

■ I.C. § 13–201, as it existed in 1976, required notice of appeal to be filed within 60 days of an order denying or granting a motion "to alter or amend the judgment," if the latter motion was itself timely filed. The district court judgment in this case was originally entered on March 30, 1976. A motion to "set aside judgment" was made by the appellant on April 6, 1976, and denied by the court on May 24, 1976. Appellant subsequently filed notice of appeal on June 1, 1976. Respondent contends the motion to "set aside judgment" was not a

motion to "alter or amend the judgment" and therefore the notice of appeal filed on June 1, 1976, was untimely and ineffective to perfect an appeal. We find no merit in the State's contention.

■ Since the tax in this case is imposed on the persons enjoying the remainder interests and not upon the life estate, the State argues that the executrix is without standing to raise the constitutionality of the method by which the State valued her life estate. We disagree. The executrix is directed by law to collect taxes due on inheritances and pay them over to the State. I.C. § 14–413. She is entitled to know what tax is rightfully due the State before she can faithfully execute her statutory duty. Also, the executrix owes a fiduciary duty to the holders of the remainder interests and has an obligation not to pay more taxes out of those remainder interests than is due. I.C. § 15–3–703. Finally, although the tax is paid on the market value of the remainder interests, the executrix as life tenant has a personal stake in the outcome because if the taxes paid are higher than are due, the corpus of the trust which she may enjoy during her life is reduced by the amount of the excess payment. This gives her a personal stake which satisfies the necessity of standing. There is no bar, therefore, to the consideration of the appellant's substantive claims.

Appellant contends the State's use of the "Actuaries' Combined Experience Table of Mortality" denies due process of law. This table has been used by the Commission since 1929 in computing the market value of future, contingent and limited inheritances. I.C. § 14–412(6). This table was first published in 1843 and was drawn on English insurance experience prior to 1838. More than 40 years ago this table was described as being "mainly of historical interest." L. Dublin & A. Lotka, Length of Life, A Study of the Life Table 296 (1936). The most recent data on which this table is based is more than 140 years old. Life expectancies have grown considerably since the 1830's.

E. Kitagawa & P. Hauser, Differential Mortality in the United States: A Study in Socioeconomic Epidemiology (1973). For example, according to a life table published in 1975 by the U. S. Department of Health, Education & Welfare, the life expectancy of women aged 60 is 21.9 years. This is more than half again the figure of 13.77 years drawn by the Commission from the "Actuaries' Combined Experience Table of Mortality."

■ The legislature has provided a scheme for inheritance taxation by which legacies are taxed at their market value. While the legislature may provide for the determination of market value in a number of different ways, it may not do so in a manner which is arbitrary and capricious. *C. C. Anderson Stores Co. v. State Tax Commission*, 86 Idaho 249, 384 P.2d 677 (1963). While the "Actuaries' Combined Experience Table of Mortality" may have been a reasonable method of determining market value in 1929, it is not reasonable today. The State may not announce on the one hand that remainder interests are to be taxed according to their market value and on the other hand compute market value by the use of data which bear no relation to market value.

While the State may not use a mortality table that is 140 years out of date, it need not adopt new mortality tables reflecting the most current data. We are aware that mortality figures change gradually. The legislature might adopt a new mortality table when and as changing conditions indicate the old table is causing remainder and other interests to be taxed on a basis other than their market value. Alternatively, the legislature could simply indicate that the Tax Commission is to assess remainders according to their market value, leaving to the Commission, initially, the factual question of what is market value on a case-by-case approach. All that we hold now is that the portion of I.C. § 14–412(6), which requires the use of the "Actuaries' Combined Experience Table of Mortality," violates

due process. Idaho Constitution, art. 1, § 13. Between the time this opinion issues and such time as the legislature acts to cure the statute, taxes on remainder interests should be computed by the Commission according to their market value utilizing any available, reliable mortality table which it finds an accurate guide to the establishment of market value.

In view of this disposition of the case we find it unnecessary to consider appellant's other contentions.

Reversed and remanded. Costs to appellant.

McFADDEN and BISTLINE, JJ., concur.

BAKES, J., concurs in result.

DONALDSON, J., sat but did not participate.