(No 4252.   March 14, 1929.)

CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COM-
PANY et al., Appellants, v. PUBLIC UTILITIES
COMMISSION OF THE STATE OF IDAHO, Re-
spondent.

[275 Pac. 780.]

F. M. Dudley and E. J. Dockery, for Appellants.

Frank L. Stephan, Attorney General, and S. E. Blaine, Assistant Attorney General, for Respondent.

BRINCK, District Judge.—In this action appellants appealed to this court from an order of the Idaho Public Utilities Commission made August 20, 1923, reducing the rate for the transportation of logs one-half of the 25 per cent increase that had been made in 1920 by the Interstate Commerce Commission by order *Ex parte 74*. This court, in a decision rendered March 25, 1925 (*Railway Co. v. Public Utilities Com.*, 41 Ida. 181, 238 Pac. 970), affirmed the order

of the Public Utilities Commission appealed from. On January 4, 1926, the supreme court of the United States granted a writ of *certiorari* to this court in this case (269 U. S. 550, 46 Sup. Ct. 201, 70 L. ed. 406), and reversed the decision of this court on May 16, 1927. (*Chicago, M. & St. P. R. Co. v. Public Utilities Com.*, 274 U. S. 344, 47 Sup. Ct. 604, 71 L. ed. 1085.) The mandate issued by the supreme court of the United States to this court reversing the decision of this court ordered that the judgment of this court should be reversed with costs, and that the said appellants, *Chicago, Milwaukee & St. Paul Railway Co. et al.*, recover against the said appellee $894 for their costs herein expended and have execution therefor.

Pending the hearing in this court and in the supreme court of the United States, this court suspended the operation of the order of the Public Utilities Commission reducing the rates, and ordered that the several appellants each pay into court from time to time, there to be impounded until the final decision of the case, all sums of money which they might collect from any corporation or person in excess of the sums they could have collected if the orders of the Commission had not been suspended. The funds so deposited with the clerk under the orders that were made were by the clerk deposited with the state treasurer, under the provisions of C. S., sec. 165, which is as follows:

"Any state officer, department, board or institution having or receiving money in trust or for safekeeping pending its final disposition or distribution shall deposit the same in the state treasury in a special suspense fund from which it may be withdrawn or distributed under rules and regulations promulgated by the department of finance."

The state treasurer in turn deposited the fund in banks and received interest thereon.

Subsequently to the filing in this court of the mandate of the supreme court of the United States the principal sum which had been received from the railroad companies was repaid to them, and appellants thereafter filed their petition for the entry of judgment against the respondent for the

costs of the appeal to the supreme court of the United States, their costs in this court, and the interest which the state treasurer had received upon the deposited fund, which petition is resisted by respondent.

Appellants are entitled to judgment for the costs which were taxed in the supreme court of the United States (*Fairmont Creamery Co. v. Minnesota*, 275 U. S. 70, 48 Sup. Ct. 97, 72 L. ed. 168), but not to their costs in this court. In so far as the Public Utilities Commission is a party to this proceeding, the state is a party. (*Thomas v. State*, 16 Ida. 81, 100 Pac. 761.) Costs against the state are allowed only when provided by statute, either expressly or by necessary implication. (15 C. J. 328, sec. 815; *State v. Kinne*, 41 N. H. 238.)

Provision is made by C. S., sec. 7223, for the payment of costs by the state when costs are taxed against the state; but the only statute that has been called to our attention under which it is urged costs may be taxed against the state in this proceeding is C. S., sec. 7212, providing generally that upon appeal, except when a new trial is ordered or a judgment modified, the prevailing party shall recover costs. It is commonly considered that a general statute of this nature does not apply to the state (25 R. C. L. 418; *State v. Williams*, 101 Md. 529, 109 Am. St. 579, 4 Ann. Cas. 970, 61 Atl. 297, 1 L. R. A., N. S., 254; note, 8 Ann. Cas. 398), particularly when the state is a party in its governmental capacity. (*Re Estate of Ward*, 133 Minn. 117, 157 N. W. 1070, 158 N. W. 637, L. R. A. 1916E, 1288.) Appellant's costs in this court are therefore disallowed.

This court might have ordered the funds which were deposited with the clerk to be deposited in a bank or trust company at interest (C. S., sec. 2511), in which event interest would have been distributed, in accordance with C. S., sec. 2512, to the parties entitled to the principal fund upon the determination of the case. No such order, however, was made or asked in this case; and in the absence thereof the funds were handled in the statutory way,

being turned over by the clerk to the state treasurer as provided in C. S., sec. 165, *supra*. Acting presumably under C. S., sec. 318, the state treasurer deposited the funds in state depositories. That section provides that the treasurer shall so deposit "all moneys of the state of Idaho coming into his hands." C. S., sec. 325, provides that all sums paid to the state by such depositories for the privilege of keeping said moneys on deposit shall be apportioned by the auditor and credited by the treasurer to the account of the general fund. If C. S., sec. 318, authorized the treasurer to place this fund with a depository, C. S., sec. 325, undoubtedly controls the disposition of the interest.

A statute strictly analogous to sec. 318 was construed in *Washington County v. Weiser Nat. Bank,* 43 Ida. 600, 255 Pac. 210. There the public depository law (Sess. Laws 1921, chap. 256) authorized the treasurer of a depositing unit to deposit "all moneys of the depositing unit coming into his hands" (sec. 24). The depositing unit in that case was the county, and in an action upon a depository bond it was held that moneys in the hands of the county treasurer, but beneficially belonging to other taxing units, were included within the meaning of the term "moneys of the depositing unit." The court there expressly relied upon and approved the rule of *Myers v. Board of Commissioners,* 60 Kan. 189, 56 Pac. 11, which held that "funds of the county," which the statute there considered provided should be deposited, included all of the moneys and securities in the possession of the county treasurer. In *Spratley v. Board,* 56 Kan. 272, 43 Pac. 232, relied upon in *Myers v. Board, supra,* the question was raised as to whether the county treasurer was authorized to deposit funds which had been deposited with him by certain railroad companies in condemnation suits, pursuant to a statute. The court there says:

"Although the condemnation money was not owned by the public, it nevertheless was public money within the meaning of the statute requiring the placing of funds in the public depositories. It is money paid as the law requires in a

public proceeding to secure the accomplishment of a public purpose. It is placed in the custody of a public officer, who keeps the same at the public expense. It is obtained in the exercise of the sovereign power of eminent domain, which can only be used for public purposes. The sovereign power being delegated to the railroad company makes it a public agency to secure the building of a highway to carry out a public use. An important and essential step in this public proceeding is the payment or deposit of condemnation money, and the legislature, which has full power in the premises, has provided that the amounts awarded as compensation to land owners by the public tribunal provided for that purpose shall be deposited with the county treasurer."

When the state, in the exercise of a governmental function, takes possession of a private fund, pursuant to law, we think such fund becomes "moneys of the State of Idaho," within the meaning of C. S., sec. 318, and that, under the authorities above cited, the state treasurer was authorized to deposit the funds which came into his hands in the case at bar. In *Spratley v. Board, supra,* the court held that, in the absence of specific provision as to the disposition of interest earned upon the funds there deposited, the interest belonged to the county rather than to the railroad companies and land owners interested in the suit in the course of which the money had been placed with the county treasurer. We think it beyond question that, the deposit in the case at bar being authorized by law, the statute expressly directing the disposition of the interest earned must apply, regardless of any equitable consideration urged by the appellants, and that the interest in the case at bar was properly apportioned to the general fund, and that appellants have no claim upon it.

It is suggested that this conclusion is inconsistent with the decision of this court in *Drainage District No. 2 v. Ada County,* 38 Ida. 778, 226 Pac. 290, in construing C. S., sec. 3585, and the public depository law of 1921. The reasoning leading to the construction there placed upon C. S., sec. 3585, was not followed in the later case of *Washington*

*County v. Weiser Nat. Bank, supra,* which we think announces the correct rule as to moneys lawfully in the possession of a public officer as such, under statutes like that here involved; and as to the interest earned on funds deposited under the public depository law of 1921, we think it evident that in the drainage district case the attention of the court was not called to the express provision of sec. 30 of that act, which directed that such interest be placed in the current expense fund of the depositing unit.

The petition of appellants is therefore granted as to the costs taxed in the United States supreme court, and denied as to the costs in this court and the interest earned on the deposited fund; and the orders of the Public Utilities Commission appealed from are set aside.

Budge, C. J., and Wm. E. Lee, J., concur.

GIVENS, J.—As to costs, I concur. With respect to the disposition of the interest, I dissent.