241 P.2d 167

**CHASTAIN'S, Inc. v. STATE TAX COMMISSION et al.**

No. 7820.

Supreme Court of Idaho.

Feb. 19, 1952.

Robert E. Smylie, Atty. Gen., J. N. Leggat, Asst. Atty. Gen., for defendants.

Russell S. Randall, Paul W. Hyatt, Lewiston, for plaintiff.

THOMAS, Justice.

This is an original proceedings in this court for writ of prohibition.

The application and petition for writ sets out substantially the beneficial interest in the subject matter of the action by the

plaintiff, and then generally, among other things, avers:

(a) That for the tax year of 1951 the assessor of Nez Perce County, Idaho, determined the full cash value of all the taxable property in said county;

(b) That the assessor assessed merchandise, machinery and furniture and fixtures of the plaintiff and all others in said county for tax purposes at 30% of the full cash value;

(c) That the assessor assessed all other taxable property in said county for the year 1951 for tax·purposes at 23% of the full cash value;

(d) That thereafter plaintiff, together with more than 100 other owners of merchandise, machinery, and furniture and fixtures who were likewise situated, objected to the assessment of such three items of property at 30% of full cash value and filed such protest with the board of county commissioners sitting as a board of equalization;

(e) That said county board of equalization found that no other items of property assessed by the county assessor were assessed in excess of 23% of its full cash value and that in order to equalize the assessment of such items of property with other items of property in said county, it was necessary to and the said board of equalization did reduce the assessment of merchandise, machinery, and furniture and fixtures to 23% of its full cash value;

(f) That the auditor prepared abstracts of the amount and value of each and all the items of property as determined by the board and transmitted the same to the tax commission of the State of Idaho;

(g) That the tax commission, sitting as a state board of equalization increased the assessment of merchandise, machinery, and furniture and fixtures in said county by 30% of the aggregate of each such item on the ground that in its opinion the value of these three items is not uniform or equal as compared with the same items of property in other counties, thereby increasing each of said three items for tax purposes from 23% to 29.9% of the full cash value;

(h) That the plaintiff and all those in said county similarly situated will be compelled to pay a greater proportion of the tax of said county than will other property owners in said county who own different items of property.

The proceedings and action on the part of the said state tax commission is challenged on the ground and for the reason that said increase in assessed valuation of such items of property by the state tax commission is without authority of law and wholly in excess of the jurisdiction of said commission.

Upon said application an alternative writ of prohibition and order to show cause were issued, to which the defendant filed an answer and then filed a motion to quash upon the ground and for the reason that the application failed to state any or sufficient facts entitling plaintiff to the relief prayed for or to any relief. The answer

was later withdrawn.. The matter is before this court on the petition and motion to quash.

The motion to quash admits the truth of the well pleaded allegations of the application for the writ and is directed to the proposition that such allegations do not warrant the relief sought. Parsons v. Diefendorf, 53 Idaho 219, 23 P.2d 236.

It is a presumption, liberally applied, that the county board of equalization did its duty and equalized the valuation of all property in Nez Perce County, Idaho, Anderson's Red & White Store v. Kootenai County, 70 Idaho 260, 215 P.2d 815; furthermore, under the pleadings, it must be taken as a fact that the county assessor determined the full cash value of all taxable property in said county for the year 1951 subject to assessment by said county assessor, and that determination is not challenged by the state tax commission and is not now before us; it must likewise be taken as a fact that the county board of equalization equalized said property in said county, not at full cash value, but at 23% of full cash value; it must be further admitted as a fact, under the pleadings, that the state board of equalization raised the assessed valuation of merchandise, machinery, and furniture and fixtures in Nez Perce County, but no other taxable property therein, from 23% of full cash value to 29.9% of full cash value after the county board had equalized the valuation of all such property in the county at 23% of full cash value; it is further admitted by the pleadings that the plaintiff and all those in said county similarly situated will be compelled by the acts of the state tax commission to pay a greater proportion of the taxes in said county than will other property owners owning other items of taxable property in said county.

The Constitution requires that for tax purposes the ad valorem tax must be uniform and on the same basis of valuation as other property within the county, and if this requirement of uniformity has not been attained and retained, then the mandate of Article VII, Sections 2 and 5 of the Constitution, has been violated. Anderson's Red & White Store v. Kootenai County, supra. Uniformity in taxing implies equality in the burden of taxation and this equality of burden cannot exist without uniformity in the mode of assessment as well as in the rate of tax, Cummings v. Merchants' Nat. Bank of Toledo, 101 U.S. 153, 25 L.Ed. 903; Washington Water Power Co. v. Kootenai County, 9 Cir., 270 F. 369; Birch v. Orange County, 186 Cal. 736, 200 P. 647; Gilman v. City of Sheboygan, 2 Black 510, 67 U.S. 510, 17 L.Ed. 305; again, the requirement that all property be assessed at its actual cash value is secondary to the constitutional mandate of equality of taxation. Washington County v. First Nat. Bank, 35 Idaho 438, 206 P. 1054. The results of the action of the state tax commission as admitted by the pleadings offends the pro-

visions of Article VII, Sections 2 and 5 of the Constitution, requiring uniformity of taxation.

It is contended by the state tax commission that its action is authorized under Article VII, Section 12 of the Constitution and Section 63–605, I.C. Article VII, Section 12, in pertinent part, provides as follows: "There shall be a state tax commission * * *. The duties heretofore imposed upon the state board of equalization by the Constitution and laws of this state shall be performed by the state tax commission and said commission shall have such other powers and perform such other duties as may be prescribed by law, including the supervision and coordination of the work of the several county boards of equalization. The board of county commissioners for the several counties of the state, shall constitute boards of equalization for their respective counties, whose duty it shall be to equalize the valuation of the taxable property in the county, under such rules and regulations of the state tax commission as shall be prescribed by law."

Section 63–605, I.C., in pertinent part provides as follows: "The state tax commission shall equalize the assessments of property throughout the state, by classes, as shown by the abstracts transmitted by the several county auditors, county by county. In such equalization the said commission shall have power to increase the total value of any class of property in any county as shown by the abstract from that county when in the opinion of the said commission the value of that class, appearing in such abstract, is not just and equal as compared with the value of other classes of property in that county, or the value of property in other counties, because of its being less than the full cash value, as determined by such comparisons, and the said commission shall have power to decrease the total value of any class of property in any county as shown by the abstract from that county when, in the opinion of the said commission, the value of that class, appearing in such abstract, is not just and equal as compared with the value of other classes of property in that county, or the value of property in other counties, because of its being in excess of the full cash value, as determined by such comparison. * * * "

■ Both Article VII, Section 12 of the Constitution and Section 63–605, I.C., seek to attain uniformity of taxation; uniformity of taxation implies equality of the burden of taxation which can be attained only by uniformity of assessed valuation as well as in the rate of taxation; the manner and method of exercising the powers claimed by the commission under Article VII, Section 12 of the Constitution, and Section 63–605, I.C., if permitted, would not attain but on the contrary, destroy uniformity. On the face of the record before this court, no justification is disclosed for the action of the commission because no facts appear which show or tend

to show that its action did in fact attain rather than destroy uniformity of assessed valuation between merchandise, machinery, and furniture and fixtures, when compared with other property subject to assessment and assessed within the county. For these reasons the action of the commission cannot be upheld.

From the conclusions herein reached, the alternative writ of prohibition must be and is hereby made permanent; it is unnecessary to and we do not consider or discuss other related questions presented in this case.

These proceedings are in effect an action against the State of Idaho, Thomas & Faris v. State, 16 Idaho 81, 100 P. 761, hence the matter of taxation of costs against the state is involved.

■ Costs are allowed against the state only where provided by statute, either expressly or by necessary implication. Chicago, M. & St. P. R. Co. v. Public Utilities Commission, 47 Idaho 346, 275 P. 780.

■ There are but two general statutes with reference to the taxation of costs; Sec. 12–107, Idaho Code in substance provides that the prevailing party shall recover costs on appeal; this general statute does not apply to the state. Chicago, M. & St. P. R. Co. v. Public Utilities Commission, supra; Sec. 12–118, Idaho Code provides as follows: "When the state is a party and costs are awarded against it, they must be paid out of the state treasury, and the state

auditor shall draw his warrant therefor on the general fund."

■ Sec. 12–118, Idaho Code does not authorize the taxation of costs against the state but only provides the source from which such costs shall be paid, when authorized by statute. People v. One Plymouth Sedan, 21 Cal.App.2d 715, 69 P.2d 1011, construing statute similar to Sec. 12–118, I.C.

From what has been stated above it necessarily follows that unless some other statute can be pointed to which provides either expressly or by necessary implication for the taxation of costs against the state, then no costs are allowable.

■ The petition for the writ of prohibition herein is sought to arrest the proceedings of the state tax commission. The legislature has expressly empowered the commission to sue and be sued. Sec. 63–513 (8), Idaho Code. The writ of prohibition is the counterpart of the writ of mandate, Sec. 7–401, Idaho Code. All the provisions of Sections 7–305 to and including Sec. 7–314, Idaho Code, apply to the proceedings by writ of prohibition; Sec. 7–404, Idaho Code. Sec. 7–312 Idaho Code expressly provides for allowance of costs to applicant for the writ.

■ The writ of prohibition is a common law writ of ancient origin, 42 Am.Jur. Sec. 1, p. 138; the proceedings for the issuance of a writ of prohibition is a suit or civil action, 42 Am.Jur. Sec. 4, p. 140, and at common law was used exclusively

to prevent or control the action of judicial or quasi-judicial functions. 42 Am.Jur. p. 150, Sec. 11.

The history of the use of this writ in Idaho shows that it has been used against the contemplated actions of public officers, boards and commissions of the state in numerous instances.

In view of the fact that the statutes expressly provide that costs may be taxed in favor of the applicant for writ of prohibition, and that such writ has been used with such frequency against such public officers, bodies and commissions, such statute (Sec. 7–312, Idaho Code), does provide for the taxation of costs against the state, by necessary implication.

Costs awarded to plaintiff and applicant.

GIVENS, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.