593 P.2d 394

Robert W. MERRIS, d/b/a Lindsay Soft
Water of Boise, Plaintiff-Respondent,

v.

ADA COUNTY, Idaho,
Defendant-Appellant.

No. 12427.

Supreme Court of Idaho.

April 10, 1979.

Jim Harris, Ada County Prosecuting Atty., Boise, for defendant-appellant.

E. Don Copple, Davison, Copple, Copple & Copple, Boise, for plaintiff-respondent.

BAKES, Justice.

This appeal involves a dispute between appellant Ada County and respondent Robert W. Merris, dba Lindsay Soft Water of Boise, concerning the valuation for *ad valorem* tax assessment purposes of certain tangible personal property used by respondent in his business. Ada County appeals from a district court judgment which held that under the cost-less-depreciation valuation method used by the county the wholesale cost of respondent's lease and rental property must be used as the basis for the valuation. We affirm.

Respondent Merris was in the years prior to 1975 engaged in the commercial sale, lease, rental and service of Lindsay brand water conditioning equipment. In 1974 Merris had between 500 and 600 rental units leased or rented to customers in the Boise, Idaho, area. Ada County has routinely assessed *ad valorem* taxes against Merris on this equipment employing the cost-less-depreciation method of valuation, one of the three major methods of valuation for tax assessment purposes approved in Articles 202 and 202.1 of the State Tax Commission Regulations. In 1974, employing the cost-less-depreciation method of appraisal, the Ada County assessor changed from use of respondent's actual cost of those units, which has throughout these proceedings been referred to as wholesale cost, as the basis of the valuation of the lease and rental equipment, to the use of the retail price of the units. As a result, the assessed valuation of respondent's lease and rental equipment increased from $33,909.00 to $108,928.00 between 1973 and 1974, with an increase in respondent's *ad valorem* tax liabilities on the equipment from $599.54 to $2,787.55.

Respondent paid the assessed taxes under protest and filed a petition with the Board of County Commissioners of Ada County, sitting as the Board of Equalization, arguing that use of the so called "retail cost basis" in the valuation and the county's method of calculating depreciation for the water softening equipment did not result in

valuation of the property at its "market value," as required by law. The board upheld the assessor's valuation. Respondent filed a timely appeal to the Idaho State Board of Tax Appeals. After a hearing the board issued findings of fact and conclusions of law sustaining the assessor's choice of retail price as the basis for an appraisal of the property by the cost-less-depreciation method and the assessor's method of computing depreciation. Respondent then filed a notice of appeal to the district court from the findings of fact, conclusions of law and order of the Idaho State Board of Tax Appeals.

In April, 1976, a trial *de novo* was held in district court pursuant to I.C. § 63–3812(c).[1] Respondent Merris's contentions were that the assessor's selection of retail value as a basis for application of the cost-less-depreciation method of valuation and the assessor's method of calculating depreciation were erroneous and resulted in an overassessment for tax purposes of the equipment leased to users by respondent, contrary to Title 63 of the Idaho Code, which requires valuations for tax assessment purposes to reflect "market value." At trial respondent Merris presented evidence which showed that the retail price of a water softener unit is about three times the price the dealer actually purchases the unit for, and that the retail price includes a salesman's commission, a one year's service warranty including cost of parts and labor, the cost of wiring, plumbing and pipe necessary to make an installation, labor costs of installation, and the price of obtaining a building permit. Respondent Merris testified that his lease and rental fees were calculated based on the costs of the equipment to him as a

dealer buying on a wholesale market, installation and service costs, and taxes, with an aim toward recovering his initial outlay in about three to five years, at which time the rental would begin to show a profit.

It was the contention of Ada County that the use of the retail value of the equipment was the proper value to be utilized in a cost-less-depreciation method of valuation. William Schroeder, head of the personal property division of the Ada County Assessor's office, testified that in his opinion the retail cost of the softener units more fully represented an open market concept of value since more purchases occur on the retail market than on the wholesale market, where the goods are sold in large lots between commercial parties. Schroeder testified that the county uses retail value uniformly for assessment purposes of leased property owned by businesses in Ada County engaged in lease or rental operations and that, in his opinion, "a retail price is really the price that is available to the general public and in my estimation that is the market price."

The trial court, in its findings of fact, conclusions of law and judgment, held that the county's method of assessment of respondent's lease and rental water softeners was arbitrary and capricious since it did not result in the assessment of respondent's property at its fair market value. It found that the retail sale price of individual water softeners is not relevant to the market value of units leased or rented out to the public by a dealer engaged in a commercial lease and rental business. The court found there to be a readily available wholesale market upon which an inventory of water

---

1. "63–3812. Appeal from board—Payment of taxes while on appeal.—Whenever any taxpayer, assessor, the state tax commission or any other party appearing before the board of tax appeals is aggrieved by a decision of the board of tax appeals or a decision on a motion for rehearing, an appeal may be taken to the district court located in the county of residence of the affected taxpayer, or, in the case of a taxpayer whose taxes are assessed on a statewide basis, the district court of Ada County, or to the district court in and for the county in which property affected by an assessment is located.

The appeal shall be taken and perfected in the following manner:

. . . . .

"(c) Appeals shall be heard and determined by the court without a jury in a trial de novo on the issues framed. The court may affirm, reverse or modify the order, direct the tax collector of the county or the state tax commission to refund any taxes found in such appeal, to be erroneously or illegally assessed or collected or may direct the collection of additional taxes in proper cases.

. . . ."

softeners could be acquired by a lessor of such appliances and ordered the wholesale cost of water softeners to be used by the county in its valuation of respondent Merris's lease and rental inventory if the cost-less-depreciation method of valuation was employed. The court also found that the county's use of a flat 40% depreciation figure in the cost-less-depreciation method of valuation ignored the actual depreciation rates for respondent's equipment. The court ordered a revaluation of respondent's rental and lease equipment using the wholesale cost of the appliances and reducing that cost by depreciation calculated on the basis of either (1) a ten year average useful life with a 20% residual value or (2) a fifteen year depreciation with no residual value.

In bringing this appeal from the judgment of the trial court, appellant Ada County concedes that the trial court's ruling with respect to the calculation of depreciation of respondent's lease and rental stock was proper. Appellant Ada County argues, however, that the trial court erred in finding that the wholesale cost, not the retail value, is the proper "market value" to be chosen as the basis for valuation of respondent's rental and lease equipment for *ad valorem* tax assessment purposes. The county also contends that because the county uniformly employs retail value where the cost-less-depreciation formula is used in determining the assessed valuation of lease and rental property in Ada County the state constitutional requirement that *ad valorem* property taxes be levied in a uniform man-

ner would be violated by our affirmance of the district court judgment.

In I.C. § 63–101 [2] the legislature has authorized the assessment and taxation of all property within the state not otherwise expressly exempted. I.C. § 63–201 [3] provides that all non-exempt personal property shall be assessed by the assessor in the county in which it is located. "Assessed value" is defined as 20% of "market value" in I.C. § 63–101B. [4] Synonyms for the term "market value" are provided in I.C. § 63–111, which reads as follows:

> "63–111. Terms to be construed as market value.—For purposes of assessment and taxation of property in title 63, the terms 'value,' 'cash value,' 'full cash value,' 'true value,' and 'true cash value' shall mean 'market value.' "

I.C. § 63–1203 provides in part that in making the assessment of non-exempt personal property required of him by I.C. § 63–201 [5] "the assessor shall actually determine, as nearly as practicable from the information provided to him by the taxpayer's declaration, the market value of each piece of personal property assessed . . . ."

The legislature has required the State Tax Commission to issue "rules and regulations prescribing and directing the manner in which market value is to be determined for the purpose[s] of taxation" and has provided that "the assessor of each county shall, and hereby is required to, abide by, adhere to and conform with [the] rules and regulations hereinabove required to be promulgated by the state tax commission." I.C. § 63–202. [6] Articles 202 and 202.1 of

---

2. "63–101. All property subject to taxation.—All property within the jurisdiction of this state, not expressly exempted, is subject to assessment and taxation."

3. "63–201. Property assessable in county.—All property shall be assessed by the assessor of the county in which it is situated, except as in this title otherwise provided."

4. "63–101B. Assessed valuation defined.—The term 'assessed value' as used in this title shall mean twenty per cent (20%) of 'market value.' "

5. See n. 3.

6. "63–202. Rules and regulations pertaining to market value—Duty of assessors.—It shall be the duty of the state tax commission to prepare and distribute to each county assessor and each board of county commissioners within the state of Idaho, rules and regulations prescribing and directing the manner in which market value is to be determined for the purpose of taxation. The rules and regulations promulgated by the state tax commission shall require each assessor to find market value of all property within his county according to recognized appraisal methods and techniques as set forth by the state tax commission; provided, that the actual and functional use shall be a major consideration when determining market value of

the State Tax Commission Regulations contain the regulations which have been promulgated by the State Tax Commission for use by county assessors in determination of market value for assessment and taxation of non-exempt personal property. Article 202 provides a general definition of market value as follows:

> *"MARKET VALUE:*
>
> "An open market value concept is 'that amount of United States money or its equivalent that in all probability a property would exchange hands for between a willing seller, under no compulsion to sell, and an informed, capable buyer; a reasonable time being allowed to consummate the sale and substantiated by a reasonable down payment or full cash payment."

Article 202 provides further that there are three primary methods of determining market value: the cost approach, in which the value as determined by new cost or market comparison is estimated and reduced by accrued depreciation; the income approach, applicable to "income producing property" in which a capitalization rate is determined from market conditions and applied to net income from the property to determine appraised value; and the market data (comparison method) approach, in which value of the assessed property is ascertained by looking to current open market sales of similar property.

 The methods of appraisal approved by the State Tax Commission are provided as means for determining the

"market value," as defined in I.C. § 63–111, *supra,* of taxable property. The above quoted portion of Art. 202 of the State Tax Commission Regulations defines market value to be the fair market value of the property. In our opinion the valuation of taxable property for assessment purposes must reasonably approximate the fair market value of the property in order to effectuate the policy embodied in Id. Const. Art. 7, § 5,[7] *i. e.,* that each taxpayer's property bear the just proportion of the property tax burden. *See Boise Community Hotel, Inc. v. Board of Equalization, Ada County,* 87 Idaho 152, 391 P.2d 840 (1964); *Farmer v. State Tax Comm'n,* 80 Idaho 72, 325 P.2d 278 (1958); *Anderson's Red & White Store v. Kootenai County,* 70 Idaho 260, 215 P.2d 815 (1950); I.C. §§ 63–101B, –111, –1203. Although different types of property are by their nature more amenable to valuation by one method of appraisal than another the touchstone in the appraisal of property for *ad valorem* tax purposes is the fair market value of that property, and fair market value must result from application of the chosen appraisal method. An arbitrary valuation is one that does not reflect the fair market value or full cash value of the property and cannot stand, notwithstanding the fact that it may be the result of application of one of the approved methods of appraisal set out in the State Tax Commission Regulations. There is no one factor which can be said to be the key to the proper appraisal of taxable property. As we noted in *Abbott v. State Tax Commission,* 88 Idaho 200, 398 P.2d 221 (1965):

---

commercial and agricultural properties. The state tax commission shall also prepare and distribute from time to time amendments and changes to the rules and regulations as shall be necessary in order to carry out the intent and purposes of this act. The rules and regulations shall be in the form as the commission shall direct, and shall be made available upon request to other public officers and the general public in reasonable quantities without charge. In ascertaining the market value of any item of property, the assessor of each county shall, and hereby is required to, abide by, adhere to and conform with rules and regulations hereinabove required to be promulgated by the state tax commission."

7. Id. Const. Art. 7, § 5, in its entirety provides:

"§ 5. Taxes to be uniform—Exemptions.— All taxes shall be uniform upon the same class of subjects within the territorial limits, of the authority levying the tax, and shall be levied and collected under general laws, which shall prescribe such regulation as shall secure a just valuation for taxation of all property, real and personal: provided, that the legislature may allow such exemptions from taxation from time to time as shall seem necessary and just, and all existing exemptions provided by the laws of the territory, shall continue until changed by the legislature of the state: provided further, that duplicate taxation of property for the same purpose during the same year, is hereby prohibited."

"In determining the value of property for taxation purposes the assessor may and should consider cost, location, actual cash sale value and all other factors, known or available to his knowledge, which affect the value of the property assessed, to the end that the property of each taxpayer will bear its just proportion of the burden of taxation. *Anderson's Red & White Store v. Kootenai County,* 79 Idaho 260, 215 P.2d 815. This court has consistently held that the only criterion for determining value of property for ad valorem tax purposes is the full cash or market value. *Boise Community Hotel v. Board of Equalization,* 87 Idaho 152, 391 P.2d 840; *C. C. Anderson Stores Co. v. State Tax Comm.,* 86 Idaho 249, 384 P.2d 677." 88 Idaho at 208, 398 P.2d at 225.

*See Janss Corp. v. Board of Equalization of Blaine County,* 93 Idaho 928, 478 P.2d 878 (1970). The Ada County Assessor's office chose to assess respondent's lease and rental water softening equipment in 1974 by the cost-less-depreciation method of appraisal. In contesting the valuation respondent did not assert that the method chosen for the valuation was improper, but rather that the valuation arrived at was erroneous as a result of the improper choice by the assessor of cost basis and method of determining depreciation.

Ada County concedes on this appeal that the trial court correctly ruled that the method of depreciation utilized by the assessor in its valuation of respondent Merris's lease and rental equipment was improper. The evidence introduced at trial amply supports the district court's finding that the county's method of calculating the depreciation of respondent's property in this case was arbitrary and capricious. The method of determining depreciation ordered by the trial court accurately reflects the testimony of witnesses experienced in the water softening lease and rental business.

▮▮▮ Appellant Ada County's main argument on this appeal is that the trial court erred in ordering the assessment of respondent's equipment by the cost-less-deprecia-tion method to be based on the wholesale cost of the appliances and not the "retail price." An appeal from the Board of Tax Appeals is heard by the district court without a jury in a trial *de novo.* I.C. § 63–3812(c).[8] In a challenge to the assessor's valuation of property, "the value of property for purposes of taxation as determined by the assessor is presumed to be correct; and the burden of proof is upon the taxpayer to show by clear and convincing evidence that he is entitled to the relief claimed." *Board of County Comm'rs of Ada County v. Sears, Roebuck & Co.,* 74 Idaho 39, 46–47, 256 P.2d 526, 530 (1953). However, "the court will grant relief where the valuation fixed by the assessor is manifestly excessive, fraudulent or oppressive; or arbitrary, capricious and erroneous resulting in discrimination against the taxpayer." *Ibid.,* 74 Idaho at 46, 256 P.2d at 530. Findings of fact made by the trial court without a jury will not be set aside on appeal unless they are clearly erroneous. I.R.C.P. 52(a); *Marshall v. Geisler,* 99 Idaho 734, 588 P.2d 933 (1978); *Ritter v. Standal,* 98 Idaho 446, 566 P.2d 769 (1977). Appellant Ada County in this appeal asks us to rule that the trial court's finding that the market value of the equipment in question must be determined by the assessor on the basis of wholesale cost less a realistic determination of depreciation was clearly erroneous. Because market value is basically factual issue, *see Estate of Harry W. Morrison v. Idaho State Tax Commission,* 98 Idaho 766, 572 P.2d 869 (1977), we must review the evidence in the record to determine whether the trial court's findings are supported by the evidence.

Respondent Merris testified that he obtained his leased appliances on the wholesale market and that they can be readily purchased by dealers at that price. His rental and lease charges were calculated to allow him to recover the wholesale cost of the equipment and installation and service costs in three to five years. Merris and the three witnesses he called testified that the

8. See n. 1.

retail value of the appliances bears no relation to the value of the water softeners used in a lease. or rental business. Their testimony was that retail sales of the appliances and the lease and rental operation are two separate businesses and that they should be treated as such for tax assessment purposes. Upon direct examination, respondent Merris testified as follows:

"Q. So, what you are saying is that there is a lot more in your retail price than just the tank?

"A. Oh, yes, absolutely. The service, salesman's commission, the cost of actually—the cost of installation could run and has run as much as thirty percent of this figure to install the unit.

"Q. Now, how does your retail sale of water softeners compare with the rental side of your business?

"A. They are wholly unrelated."

Merris's testimony was corroborated by that of the three other witnesses experienced in the business. A fair reading of the record shows that water softener rentals and sales are two separate and distinct businesses and that the retail sales price of the equipment is not relevant to the value of a lease and rental inventory. The business objective involved in the lease and rental operations is, as shown by the record, to establish an inventory of water softeners installed in the homes of consumers stable enough to allow recovery of the initial capital and labor outlays and to maintain those accounts as an income asset for the business. The evidence shows that respondent Merris acquired his inventory of equipment on a well established wholesale market where wholesale prices can be readily ascertained.

The evidence presented by Ada County in support of its contention that retail value should be used as the basis for valuation of the lease and rental equipment consisted only of the testimony of William Schroeder, head of the personal property division of the Ada County Assessor's office. Schroeder stated that the retail price "more fully represents the open market concept, since there are more people in the retail area than in other areas." He said that the change to a retail "market value" from the wholesale value for respondent's leased inventory was made in 1974 in order to make uniform the method of assessment of leased property in Ada County.

Our review of the evidence shows there to be ample support for the trial court's finding that the proper basis upon which to apply the cost-less-depreciation appraisal method is the wholesale cost of the equipment, i. e., the price which the taxpayer actually paid for the equipment. A proper determination of the market value of taxable property should involve an analysis of multiple factors including the actual cost of the property and its actual sale value. *See Abbott v. State Tax Comm'n* 88 Idaho 200, 398 P.2d 221 (1965). We disagree with the assertion of Ada County that the basis for a valuation of the 500 to 600 water softeners used in respondent's lease and rental business must be based solely upon the retail value of each individual unit. The county cannot ignore the price actually paid for these units and the particular use to which this inventory is put by respondent. I.C. § 63–202 provides "that the actual and functional use shall be a major consideration when determining market value of commercial and agricultural properties. . . ." Appellant Ada County would have us ignore the uncontradicted testimony which shows that what individual units might sell for at retail has no relevance to the market value of some 500 to 600 lease and rental appliances which are located in various homes and businesses in the Boise area. For example, to liquidate such a large inventory of a used product within a reasonable period of time one would normally expect to accept a reduced price for the goods simply as a result of the depressant effect on market price that a large increase in the market supply would cause. *Cf. Estate of Harry W. Morrison v. Idaho State Tax Commission,* 98 Idaho 766, 572 P.2d 869 (1977) (the "blockage rule" requires a valuation for inheritance tax purposes of blocks of stock larger than amounts normally traded to include consid-

eration of the fact that retail price may not be obtainable for large amounts of the stock within a reasonable time).

It is possible that the use of the cost-less-depreciation method of valuation may not be the best appraisal technique available for property of this particular nature which is held primarily for income production. There are also cases which hold that property held by a taxpayer for lease or rental purposes should be valued for *ad valorem* tax assessment purposes by use of the property's retail value. *See, e. g., Xerox Corp. v. City of Jackson*, 328 So.2d 330 (Miss.1976) (use of list or retail price of leased Xerox copying equipment as basis for determining value for *ad valorem* tax purposes found proper where there is no wholesale price or market for the products). However, the state of the record before us requires us to affirm the district court's findings and judgment since the evidence in the record readily supports the trial court's finding of market value.

▮▮▮▮ Appellant Ada County maintains that an affirmance of the district court judgment will result in violation of the Idaho constitutional mandate that property taxes be levied in a uniform manner since the Ada County Assessor's office has chosen to assess *ad valorem* taxes on all leased personal property in the county using the retail value. Appellant asserts that Idaho Constitution Art. 7, § 5,[9] would be violated by implementation of the district court's judgment in this case. We find this argument to be without merit. The cases applying Id. Const. Art. 7, § 5, cited by appellant prohibit the use of different levels of tax assessment on different classes of property. As this Court said in *Idaho Telephone Co. v. Baird*, 91 Idaho 425, 423 P.2d 337 (1967):

> "A constitutional rule of uniform ad valorem taxation forbids legislative classifications of property for the purpose of imposing a greater burden of ad valorem taxation on one class than on another; that is, all property not exempt from taxation must be assessed at a uniform percentage of actual cash value, and a single fixed rate of taxation must apply against all taxable property." 91 Idaho at 429, 423 P.2d at 341.

*See Farmer v. State Tax Comm'n*, 80 Idaho 72, 325 P.2d 278 (1958); *Chastain's, Inc. v. State Tax Commission*, 72 Idaho 344, 241 P.2d 167 (1952). Appellant Ada County's argument here is tantamount to an assertion that if the county incorrectly determines the market value of all property in the county no taxpayer may contest that valuation, for to do so would upset the uniformity established by its incorrect assessments.

Ada County's argument that valuation of respondent's property at what respondent proved at trial to be its market value would result in an unconstitutionally non-uniform rate of taxation has been in the past dismissed by this Court. In *Boise Community Hotel, Inc. v. Board of Equalization, Ada County*, 87 Idaho 152, 391 P.2d 840 (1964), the taxpayer had argued that his property was overvalued. Defendant Ada County contended before this Court that:

> "[E]ven if its assessment methods are erroneous, those methods were uniformly erroneous in that the same standards used in assessing plaintiffs' property were used in assessing other properties so that, 'right or wrong,' a practical uniformity has resulted. . . . " 87 Idaho at 159, 391 P.2d at 843.

We held that:

> "The law as applied in these decisions requires the assessor to adhere to the statutory standard of full cash value. He may not adopt another standard of value, even though it be applied uniformly in the taxing unit. I.C. § 63–202." 87 Idaho at 159, 391 P.2d at 844.

The judgment of the district court is affirmed. The trial court found that the county's method of assessment of respondent's lease and rental equipment was arbitrary and capricious and did not result in an assessment at fair market value, as required by law. We have affirmed the trial

court and therefore costs and attorney fees are granted to respondent Merris. *See Minich v. Gem State Developers,* 99 Idaho 911, 591 P.2d 1078 (1979); I.C. § 12–121.

SHEPARD, C. J., and McFADDEN, DONALDSON and BISTLINE, JJ., concur.