605 P.2d 515

Donald AVERITT, Jr., and KJS Entertainment, Inc., a corporation, Plaintiff-Respondents,

v.

CITY OF COEUR D'ALENE, State of Idaho, Loren Edinger, Don Johnston, Ray Koep, Dixie Reid, Raymond Stone, Harry Fields and Russell Joki, Mayor and Council Members of the City of Coeur d'Alene, Defendant-Appellants.

No. 12947.

Supreme Court of Idaho.

Jan. 21, 1980.

752

William D. McFarland, Coeur d'Alene, for defendants-appellants.

David A. Frazier, Coeur d'Alene, for plaintiffs-respondents.

BAKES, Justice.

In January, 1977, the City of Coeur d'Alene revoked plaintiff respondent Averitt's city beer license for alleged violations of the city and state regulations governing the sale of alcoholic beverages. Averitt petitioned district court to vacate the revocation order, arguing that the city had failed to notify Averitt of its intended action and had not provided Averitt with an opportunity to be heard in the matter. After a hearing, the district court entered a judgment vacating the city's revocation order. In its judgment the court taxed plaintiff respondent Averitt's costs and attorney fees incurred in the action against the defendant city.

The city appeals solely from the district court's order taxing costs and attorney fees,

arguing that the court had no power to assess costs and attorney fees against the city in the action. The appellant city argues that general statutory law, including statutes awarding costs, do not apply to the state or other governmental entities unless expressly so provided or unless by necessary implication, citing *Chicago, Milwaukee & St. Paul Ry. Co., et al. v. Public Utilities Comm'n of State of Idaho*, 47 Idaho 346, 275 P. 780 (1929), and *Chastain's, Inc. v. State Tax Comm'n*, 72 Idaho 344, 241 P.2d 167 (1952). It is the city's contention that costs and attorney fees may not be assessed against a municipality acting in a governmental capacity unless the assessment is expressly provided or necessarily implied by statute.

■ Costs have been routinely awarded against municipalities in recent decisions by this Court. *See, e. g., Local 1494 of Int'l Ass'n of Firefighters v. City of Coeur d'Alene*, 99 Idaho 630, 586 P.2d 1346 (1978); *Butler v. City of Blackfoot*, 98 Idaho 854, 574 P.2d 542 (1978); *Boise City v. Blaser*, 98 Idaho 789, 572 P.2d 892 (1977); *Winther v. City of Weippe*, 91 Idaho 798, 430 P.2d 689 (1967); *Gaige v. City of Boise*, 91 Idaho 481, 425 P.2d 52 (1967). It is within the district court's discretion to make a cost award against a municipality to a prevailing party in an action brought in district court.

■ The appellant City of Coeur d'Alene also argues that the trial court erred in including an attorney fee award in the cost bill taxed against the city. The district court's award of attorney fees to plaintiff respondent Averitt was made pursuant to I.C. § 12–121 which authorizes the district court to award attorney fees, in the court's discretion, to the prevailing party in a civil action.[1] The appellant city argues that I.C. § 12–121 does not, however, provide that attorney fees shall be taxed as costs or that an attorney fee award may be made against the state, county, or municipality. Attorney fees may in a proper case be asserted against a county or municipality pursuant

1. Judgment in this case was entered prior to this Court's adoption of I.R.C.P. 54(e) which became effective March 1, 1979, and which

governs the award of attorney fees made pursuant to I.C. § 12–121.

to I.C. § 12–121. *See Merris v. Ada County*, 100 Idaho 59, 593 P.2d 394 (1979). An attorney fee award made pursuant to I.C. § 12–121 may properly be included as costs. *Jensen v. Shank*, 99 Idaho 565, 585 P.2d 1276 (1978); *Futrell v. Martin*, 100 Idaho 473, 600 P.2d 777 (1979).

Affirmed. Costs are awarded to respondent. No attorney fees allowed on appeal.

DONALDSON, C. J., and SHEPARD and McFADDEN, JJ., concur.

BISTLINE, Justice, specially concurring.

In *Minich v. Gem State Developers*, 99 Idaho 911, 921, 591 P.2d 1078, 1088 (1979), I registered my misgivings as to the Court's wisdom and propriety in judicially amending the legislatively enacted I.C. § 12–121 by Rule 54(e), lamenting that the erroneously promulgated "rule" of this Court was not too unexpected "where the matter comes before the Court administratively rather than in a contested case, wherein we receive the benefit of the argument and authority of able counsel."

Here, short months later we have a persuasive brief wherein able counsel do discuss that exact proposition. The Court impliedly concludes that it need not be addressed, the barn door having been shut with the horse not in, having heretofore been ridden off with the Court astride. Again I opine here as I did in that case:

> "It was the prerogative of the legislature, and the legislature alone, to create law whereby attorney's fees may be awarded by district courts in all civil actions; where that sparsely worded statute has created confusion and proliferation of litigation, the legislature, not the Court, should amend its own statute, giving it such further definition and delimitation as it concludes to be necessary and desirable."

99 Idaho at 922, 591 P.2d at 1089.