629 P.2d 656

**James R. RICKEL, Plaintiff-Respondent,**

v.

**The BOARD OF BARBER EXAMINERS, State of Idaho, Defendant-Appellant.**

No. 13386.

Supreme Court of Idaho.

April 24, 1981.

Rehearing Denied June 23, 1981.

David H. Leroy, Atty. Gen., Steven M. Parry, Deputy Atty. Gen., Boise, for defendant-appellant.

Roderick Dale Gere, Idaho Legal Aid Services, Boise, for plaintiff-respondent.

DONALDSON, Justice.

Plaintiff-respondent James R. Rickel (hereinafter Rickel) sat for the apprentice barber examination given by defendant-appellant, the Board of Barber Examiners, State of Idaho (hereinafter Board). Rickel passed the written portion but failed the practical portion of the exam due to an attack of severe chest pain. Without a hearing, the Board denied extension of Rickel's permit to practice and required that he complete 500 additional hours of schooling before he could retake the examination.

Plaintiff filed suit seeking, inter alia, authorization to reexamine without additional schooling and continuation of his temporary permit to practice barbering until the next exam.

A trial was held in which judgment was awarded to respondent. On the same day that the judgment was signed, the plaintiff filed an affidavit of costs listing total time and costs expended in bringing this action. Appellant objected to the affidavit. After oral arguments were heard, the court awarded costs and attorney fees.

The Board appeals solely from the district court's order awarding costs and attorney fees. The Board argues that statutes awarding costs do not apply to the Board or state unless expressly so provided or unless by necessary implication, citing *Chicago, Milwaukee & St. Paul Railway Co. v. Public Utilities Commission of the State of Idaho*, 47 Idaho 346, 275 P. 780 (1929).

This same argument was raised in *Averitt v. City of Coeur d'Alene*, 100 Idaho 751, 605 P.2d 515 (1980). In *Averitt, id.* at 752–53, 605 P.2d at 516–17, this Court stated:

"The appellant City of Coeur d'Alene also argues that the trial court erred in including an attorney fee award in the cost bill taxed against the city. The district court's award of attorney fees to plaintiff respondent Averitt was made pursuant to I.C. § 12–121 [1] which authorizes the district court to award attor-

---

1. I.C. § 12–121: "In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees. [I.C., § 12–121, as added by 1976, ch. 349, § 1, p. 1158.]"

ney's fees, in the court's discretion, to the prevailing party in a civil action.[2] The appellant city argues that I.C. § 12–121 does not, however, provide that attorney fees shall be taxed as costs or that an attorney fee award may be made against the state, county, or municipality. Attorney fees may in a proper case be asserted against a county or municipality pursuant to I.C. § 12–121. *See Merris v. Ada County*, 100 Idaho 59, 593 P.2d 394 (1979)." (Footnote omitted.)

As this Court found the necessary implication in I.C. §§ 12–101 and 12–121 to award costs and attorney fees against a municipality in *Averitt, supra*, and against a county in *Merris, supra*, we hold that the same necessary implication exists to award costs and attorney fees against the state. Therefore, we conclude that in the case at bar that the award of costs and attorney fees was within the trial court's discretionary powers.

Appellant in oral argument indicated that a primary concern in bringing the appeal was to obtain a clarification as to what state fund should be used to pay the award. Respondent informed the Court that no attempt had been made as of the time of oral arguments to collect the award. Any issue involving the particular fund from which this award is to be paid is not presently ripe for review by this Court.

Affirmed. Costs are allowed to respondent. No attorney fees allowed on appeal.

McFADDEN, BISTLINE and SHEPARD, JJ., and SCOGGIN, J. Pro Tem., concur.

---

**2.** In *Averitt, supra*, this Court stated in a footnote at this point in the text that:

"[j]udgment in this case was entered prior to this Court's adoption of I.R.C.P. 54(e) which became effective March 1, 1979, and which governs the award of attorney fees made pursuant to I.C. § 12–121."

Rule 54(e)(9) states:

"This Rule 54(e) shall become effective on the first day of March, 1979, and shall apply to all actions filed on or after the effective date. [Adopted January 2, 1979, effective March 1, 1979.]"

The case at bar was filed prior to I.R.C.P. 54(e)'s effective date.