**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 36726**

| | | |
|---|---|---|
| IN THE MATTER OF THE APPEAL OF WALTER & JUDITH KIMBROUGH, FROM THE DECISION OF THE CANYON COUNTY BOARD OF EQUALIZATION FOR THE TAX YEAR 2007. | ) ) ) ) ) ) | Boise, January 2011 Term |
| -------------------------------------------------- | ) | 2011 Opinion No: 16 |
| WALTER KIMBROUGH and JUDITH KIMBROUGH, | ) ) | Filed: February 4, 2011 |
| Petitioners-Appellants, | ) ) | Stephen W. Kenyon, Clerk |
| v. | ) ) | |
| IDAHO BOARD OF TAX APPEALS and CANYON COUNTY BOARD OF EQUALIZATION, | ) ) ) ) | |
| Respondent. | ) ) ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Gregory M. Culet, District Judge.

The decision of the district court is <u>affirmed</u>. No attorneys fees are awarded. Costs are awarded to Respondents.

Thompson Law Firm, Meridian, attorneys for petitioners. Kristen R. Thompson argued.

Hon. Bryan F. Taylor, Canyon County Prosecutor, Caldwell, for respondents. Ty A. Ketlinski argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

Walter and Judith Kimbrough appeal the district court's decision affirming the Canyon County Board of Equalization's assessment of their farm and homesite. They contend that the Canyon County Assessor should have applied the agricultural-land exemption to the acre on which their farmhouse sits rather than classifying it as a homestead. They also assert that their homesite valuation was excessive.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Walter and Judith Kimbrough, Appellants, purchased a small farm in rural Canyon County, Idaho. Of their parcel, 0.66 acres underlie a public right-of-way and are exempt from taxation, leaving 14.76 subject to assessment. The Kimbroughs have dedicated most of their land to growing alfalfa, but just over two acres contain agricultural outbuildings and the Kimbroughs' home. The Canyon County Assessor apparently always exempted 13.76 acres of the Kimbroughs' farm from taxation under I.C. § 63-604, which allows an exemption for land actively devoted to agriculture. It then assessed at market value the remaining acre, which included the Kimbroughs' house (the "homesite").[1] Between 2002 and 2006, the Assessor had valued the entire property at $209,200, but in 2007 the total assessment more than doubled to $419,200. The County attributed nearly all of the added assessment to the increased value of the homesite and residential improvements.

The Kimbroughs appealed their 2007 property-tax assessment to the Canyon County Board of Equalization and then to the Idaho Board of Tax Appeals (the "BTA"), both of whom are Respondents in this case, but both affirmed the assessment. They next appealed to the district court, which held a trial de novo on the valuation the County applied to the homesite. The district court issued findings from the bench, which it augmented later in the Amended Supplemental Findings of Fact and Conclusions of Law. The court held that the County was correct to value the one-acre homesite and residential improvements at market value separately from the Kimbroughs' agricultural acreage and that the valuation was not arbitrary or discriminatory.

On appeal, the Kimbroughs argue that the Idaho Tax Commission's regulations illegally require counties to assess at market value homesites that are contiguous with property that is agriculturally exempt under I.C. § 63-604. They assert that homesites should be subject to the agricultural-land exemption. Alternatively, they challenge the comparable sales the County relied upon in valuing their homesite. Respondents counter that only land actually devoted to agriculture can be exempt under I.C. § 63-604 and, further, that the County used a widely accepted appraisal method by using the best available comparable sales to value the Kimbroughs' homesite.

---

[1] After determining a market value for the Kimbroughs' homesite, the County applied the homestead exemption under I.C. § 63-602G.

### III. ISSUES ON APPEAL

**1.** Whether the County must apply the agriculture exemption under I.C. § 63-604 to homesites that are contiguous with land actively devoted to agriculture.

**2.** Whether the County's valuation of the Kimbroughs' homesite was arbitrary, oppressive, or discriminatory.

**3.** Whether the Kimbroughs are entitled to attorney fees under I.C. § 12-117.

### IV. STANDARD OF REVIEW

The district court held a trial de novo pursuant to I.C. § 63-3812(c).[2] "Where the district court conducts a trial de novo in an appeal of a BTA decision, this Court defers to the district court's findings of fact that are supported by substantial evidence, but exercises free review over the district court's conclusions of law." *Canyon Cnty. Bd. of Equalization v. Amalgamated Sugar Co.*, 143 Idaho 58, 60, 137 P.3d 445, 447 (2006). The interpretation of a statute is a question of law subject to free review. *Callies v. O'Neal*, 147 Idaho 841, 847, 216 P.3d 130, 136 (2009).

### V. ANALYSIS

**A. Homesites Contiguous with Land Actively Devoted to Agriculture Are Not Subject to an Exemption Under I.C. § 63-604**

"All property within the jurisdiction of this state, not expressly exempted, is subject to assessment and taxation." I.C. § 63-601. Tax exemptions are generally disfavored—they are never presumed and cannot be extended by judicial construction. *Housing Sw., Inc. v. Washington Cnty.*, 128 Idaho 335, 337, 913 P.2d 68, 70 (1996) (citing *Owyhee Motorcycle Club, Inc. v. Ada Cnty.*, 123 Idaho 962, 964, 855 P.2d 47, 49 (1993)). Thus, unlike most tax statutes, ambiguous provisions related to deductions, exemptions, and credits are "construed strongly against the taxpayer." *Canty v. Idaho State Tax Comm'n*, 138 Idaho 178, 182, 59 P.3d 983, 987 (2002) (citing cases from other jurisdictions). This Court will follow the plain meaning of an unambiguous statute, but will engage in statutory construction if a provision is ambiguous. *Hayden Lake Fire Prot. Dist. v. Alcorn*, 141 Idaho 307, 312, 109 P.3d 161, 166 (2005).

---

[2] Unlike appeals from most state agencies, the Idaho Code does not require the district court to rely on the record generated before the Board of Tax Appeal. Idaho Code § 63-3812(c) provides in part:

> Appeals may be based upon any issue presented by the appellant to the board of tax appeals and shall be heard and determined by the court without a jury in a trial de novo on the issues in the same manner as though it were an original proceeding in that court.

Administrative rules are interpreted the same way as statutes. *Brandon Bay, Ltd. P'ship v. Payette Cnty.*, 142 Idaho 681, 683, 132 P.3d 438, 440 (2006).

The statute at issue in this case allows farm owners to exempt land actively devoted to agriculture. It provides:

> (1) For property tax purposes, land which is actively devoted to agriculture shall be eligible for appraisal, assessment and taxation as agricultural property each year it meets one (1) or more of the following qualifications:
>
> (a) *The total area of such land, including the homesite*, is more than five (5) contiguous acres, and is actively devoted to agriculture which means:
>
> (i) It is used to produce field crops including, but not limited to, grains, feed crops, fruits and vegetables . . . .

I.C. § 63-604(1) (emphasis added).[3] In addition to meeting the above criteria, taxpayers who own parcels of five acres or less must also show that their property generates a certain amount of income in order to qualify for the agriculture exemption. *Id.* § 63-604(1)(b).

The Tax Commission has issued regulations interpreting this exemption to apply only to acreage that actually qualifies for the agriculture exemption, not to associated homesites. It defines a "homesite" as "that portion of land, contiguous with but not qualifying as land actively devoted to agriculture, and the associated site improvements used for residential and farm homesite purposes." IDAPA 35.01.03.645.01.a. Although homesite acreage counts toward the five-acre threshold, it is not exempt under § 63-604. The Commission requires that homesites and their associated improvements be assessed at market value each year. IDAPA 35.01.03.645.02.

The parties agree that the Kimbroughs are entitled to the agriculture exemption for the land on which they raise alfalfa. They also agree that the Kimbroughs' one-acre homesite is not actively devoted to growing any crops or otherwise producing agricultural products. They disagree over whether the Kimbroughs' homesite is nonetheless exempt under the language of § 63-604, offering two competing interpretations of that provision. Respondents assert that homesite acreage is only relevant when determining whether a parcel of farmland is large enough to qualify for the agricultural exemption. The Kimbroughs, on the other hand, argue that § 63-604 also unambiguously exempts the homesite itself in addition to the land actively devoted to

---

[3] The statute's definition of "land actively devoted to agriculture" for parcels over five contiguous acres also includes land devoted to producing nursery stock, grazing, leases for grazing, or acreage in a rotation program. I.C. § 63-604(1)(a)(ii)–(iv).

4

agriculture because the statute states that "the total area of such land, including the homesite," must exceed five acres.

The Kimbroughs have their own interpretation of I.C. § 63-604, but not all interpretations are reasonable. "A statute is ambiguous when the language is capable of more than one reasonable interpretation." *Farber v. Idaho State Ins. Fund*, 147 Idaho 307, 311, 208 P.3d 289, 293 (2009) (citing *Porter v. Bd. of Trustees*, 141 Idaho 11, 14, 105 P.3d 671, 674 (2004)). A statute is not ambiguous if the parties simply offer different interpretations to the Court. *Id.* Idaho Code § 63-604(1) expressly states that it only applies to "land which is actively devoted to agriculture." In *Ada County Board of Equalization v. Highlands, Inc.*, 141 Idaho 202, 108 P.3d 349 (2005), this Court explicitly held that land is only exempt under this provision if there is "some actual use" of the land for agriculture or that it is in a crop-rotation program. This Court held in that case that land leased to a rancher was not exempt because it was not actually used for grazing. 141 Idaho at 207, 105 P.3d at 354; *see also Roeder Holdings, L.L.C. v. Bd. of Equalization*, 136 Idaho 809, 814, 41 P.3d 237, 242 (2001) (holding that the taxpayer qualified for the exemption because he had actually prepared his land for crop cultivation the prior autumn) *overruled on other grounds by Ada Cnty. Bd. of Equalization.*, 141 Idaho at 206, 108 P.3d at 353. In light of the statute's plain language and how this Court has previously interpreted it, it is unreasonable to read § 63-604 as exempting land from taxation if the land is not actually devoted to crop or livestock production and is not in a crop-rotation program. The statute unambiguously does not exempt contiguous homesites.

The Kimbroughs' homesite is not exempt under § 63-604 because it is not devoted to agriculture. At trial, Walter Kimbrough conceded that they do not raise alfalfa on over two acres of their land, yet the County only assessed one acre at market value for their homesite—it still allowed them to apply the agricultural exemption to over one additional acre of land that is not actually devoted to alfalfa production. There is some evidence in the record that the Kimbroughs store agricultural equipment and grow some fruits and vegetables on or near their homesite, but this Court need not reach the question of whether these uses are enough to constitute land "actively devoted to agriculture." The Kimbroughs offer no evidence suggesting that these activities consume more than this additional exempted acre. The district court therefore was correct to refuse to apply the agricultural exemption to the Kimbroughs' one-acre homesite.

5

**B. The County's Valuation of the Kimbroughs' Homesite Was Not Arbitrary, Oppressive, or Discriminatory**

Real property subject to property taxation is assessed annually at market value. I.C. § 63-205. Market value is defined as the amount "for which, in all probability, a property would exchange hands between a willing seller, under no compulsion to sell, and an informed, capable buyer, with a reasonable time allowed to consummate the sale, substantiated by a reasonable down or full cash payment." *Id.* § 63-201(15). The State Tax Commission is empowered to develop regulations for assessing the market value of property for taxation purposes. *Id.* § 63-208(1). Among the appraisal methods the Commission has adopted is the sales-comparison approach, which involves valuing property based on sale prices for comparable parcels within the preceding year. IDAPA 35.01.03.217.04. This is the method the County used in valuing the Kimbroughs' homesite. Regardless of which method is being used, the assessor may and should consider all relevant factors to ensure that the taxpayer bears his or her share of the public tax burden, including the actual cash-sale value in the property's locality. *Abbot v. State Tax Comm'n*, 88 Idaho 200, 208, 398 P.2d 221, 225 (1965).

The assessor's valuation is presumed to be correct, and this Court will only overturn a valuation if the taxpayer can show by clear and convincing evidence that it is "manifestly excessive, fraudulent or oppressive; or arbitrary, capricious and erroneous resulting in discrimination against the taxpayer." *Merris v. Ada Cnty.*, 100 Idaho 59, 64, 593 P.2d 394, 399 (1979). An arbitrary appraisal is one that fails to reflect the fair-market or full-cash value of the property. *Idaho Power Co. v. Idaho State Tax Comm'n*, 141 Idaho 316, 324, 109 P.3d 170, 178 (2005).

The County valued the Kimbroughs' homesite land and residential improvements at $405,300 before subtracting the homestead exemption. Of this, the County assessed their home at $117 per square foot for a total of $335,300. It produced three comparable house sales, two of which it adjusted down to reflect added value from larger lot sizes. The average price per square foot was $121.84, higher than the value the County assessed for the Kimbroughs' home. Similarly, the County located three comparable residential bare-land sales averaging over $140,000 per acre, but only valued the Kimbroughs' one-acre homesite at $70,000. These comparables do not reveal a "manifestly excessive" valuation.

There is no dispute that the $405,300 assessed homesite value in 2007 was a dramatic increase over the 2006 homesite assessment at $197,900. As the Canyon County Rural

6

Appraisal Supervisor explained at trial, however, there were two legitimate reasons for this sudden jump in value. First, the County did not adjust the Kimbroughs' property assessment at all between 2002 and 2006 despite significant property-value gains in the marketplace. Due to the logistical burdens associated with physically examining every property in its jurisdiction, the County had a policy of reappraising parcels every five years. It was not until 2007 that the County was able to update its assessment of the Kimbroughs' home. Second, the Kimbroughs had constructed a new garage and added additional bedrooms to their home in 2004. This addition cost more than $80,000. Although the Kimbroughs had added roughly 1000 square feet to their home, the County did not begin assessing them for the added living space until 2007. The County therefore did not act arbitrarily when it valued the Kimbroughs' homesite.

The Kimbroughs contend that the comparison properties chosen by the County overvalue their homesite because some of them are closer to Nampa and are in more suburban neighborhoods. The County's Appraisal Supervisor conceded at trial that no perfect comparison properties existed in this case and that he had to expand the geographic radius until he found an acceptable number of comparable parcels that had been sold within the prior year. He identified a total of six comparables, three for land value and three for residential-improvement value.[4] Again, the County's appraisal is presumed to be correct. *Merris*, 100 Idaho at 64, 593 P.2d at 399. Moreover, the party challenging a tax valuation must carry the burden of showing that it was manifestly excessive, fraudulent or discriminatory. *Id.* Walter Kimbrough himself testified that he had "no idea" what the market value of his home was in 2007. The Kimbroughs did not provide their own property appraisal or any of their own comparables to substantiate their claim that their property was overvalued, to suggest that the assessor did not locate enough comparables, or to show that the ones chosen were inappropriate. Substantial evidence therefore justifies the district court's decision to uphold the assessor's valuation.

**C.     The Kimbroughs Are Not Entitled to Attorney Fees Under I.C. § 12-117**

The Kimbroughs request attorney fees on appeal under I.C. § 12-117(1). Even if they were the prevailing parties, "I.C. § 12-117(1) does not allow a court to award attorney fees in an appeal from an administrative decision." *In re Approval of Conditional Use Permit #CUP-2008-*

---

[4] At trial, the Canyon County Rural Appraisal Supervisor testified that the lowest-valued comparable he used to establish land value should not be considered because it actually contained a mobile home that might skew its sale price upward. Disregarding this comparable would, of course, increase the average value of the County's comparables and would strengthen its assessment.

*3*, No. 36943, 2010 WL 5140813, at \*6 (Idaho Dec. 20, 2010) (quoting *Smith v. Washington Cnty.*, No. 35851, 2010 WL 5093625, at \*3 (Idaho Dec. 15, 2010). This case arrived in the district court on a petition for judicial review of the BTA's decision. The Kimbroughs cannot receive attorney fees under I.C. § 12-117(1).

## VI. CONCLUSION

The district court correctly held that homesites contiguous with farmland are not subject to the tax exemption for land actively devoted to agriculture under I.C. § 63-604. The district court's decision to affirm the County's assessment of the Kimbroughs' homesite was based on substantial evidence. The district court's ruling is affirmed and the Kimbroughs' request for attorney fees is denied. Costs are awarded to Respondents.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON **CONCUR.**